**WONG KAM WO and Wong Kam Yin, Appellants,**

v.

**John Foster DULLES, Secretary of State of the United States of America, Appellee.**

**No. 14550.**

United States Court of Appeals Ninth Circuit.

Aug. 27, 1956.

Rehearing Denied Sept. 20, 1956.

Nicholas W. Y. Char, Honolulu, Hawaii, Jackson & Hertogs, San Francisco, Cal., for appellants.

Louis B. Blissard, U. S. Atty., Charles B. Dwight, III, Asst. U. S. Atty., Honolulu, Hawaii, Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY, ORR and HAMLEY, Circuit Judges.

**624**

HAMLEY, Circuit Judge.

Plaintiffs brought this action to obtain a declaratory judgment of United States citizenship. Natives of China, they claim to have acquired citizenship at the time of their births, under § 1993 of the Revised Statutes,[1] which was then in effect.

Holding that the father of plaintiffs had never resided within the United States, within the meaning of § 1993, the district court entered judgment adverse to plaintiffs. The correctness of this ruling, based upon the following undisputed facts, presents the only issue on this appeal.

The father, Wong Tin, was born in Honolulu, Republic of Hawaii, on November 25, 1893. He went to China four years later. On April 30, 1900, he acquired United States citizenship by virtue of § 4 of the Hawaii Organic Act.[2] Wong Tin remained in China twenty-six years. While there, he married a national of China. Several children were born of this marriage, including Wong Kam Wo, born in 1920, and Wong Kam Yin, born in 1922.

The father returned to Honolulu in 1923. He has never been within the boundaries of continental United States. The children remained in China. On July 10, 1950, they filed with the American Consulate General, at Hongkong, the applications for citizenship which, upon denial, led to this suit.

In asserting that their father resided in the United States, within the meaning of § 1993 of the Revised Statutes, appellants rely upon § 100 of the Hawaii Organic Act,[3] which reads:

"That for the purposes of naturalization under the laws of the United States residence in the Hawaiian Islands prior to the taking effect of this Act shall be deemed equivalent to residence in the United States and in the Territory of Hawaii, and the requirement of a previous declaration of intention to become a citizen of the United States and to renounce former allegiance shall not apply to persons who have resided in said islands at least five years prior to the taking effect of this Act; but all other provisions of the laws of the United States relating to naturalization shall, so far as applicable, apply to persons in the said islands."

The question to be decided, therefore, is whether § 1993 of the Revised Statutes is a "naturalization" law, as Congress used that term in § 100 of the Hawaii Organic Act. If so, the father's residence in Honolulu prior to the birth of appellants must be deemed equivalent to residence in the United States, thereby satisfying the requirements of § 1993. Appellee contends that § 1993 provides for nationality by birth, rather than by naturalization.

In United States v. Wong Kim Ark, 169 U.S. 649, 18 S.Ct. 456, 42 L.Ed. 890, it was held that § 1993 was enacted in the exercise of the power vested in Congress by the constitution "To establish an uniform Rule of Naturalization".[4] The court said:

"* * * A person born out of the jurisdiction of the United States can only become a citizen by being naturalized, either by treaty, as in

**1.** The subject-matter of § 1993, substantially revised, is now in 8 U.S.C.A. §§ 1401, 1431–1433. As it existed when plaintiffs were born, § 1993 read as follows:

"All children heretofore born or hereafter born out of the limits and jurisdiction of the United States, whose fathers were or may be at the time of their birth citizens thereof, are declared to be citizens of the United States; but the rights of citizenship shall not descend to chil-

dren whose fathers never resided in the United States."

**2.** 31 Stat. 141, 48 U.S.C.A. § 494, which provides:

"That all persons who were citizens of the Republic of Hawaii on August twelfth, eighteen hundred and ninety-eight, are hereby declared to be citizens of the United States and citizens of the Territory of Hawaii. * * * "

**3.** 31 Stat. 161, formerly 8 U.S.C.A. § 385.

**4.** Article I, § 8.

the case of the annexation of foreign territory; or by authority of Congress, exercised either by declaring certain classes of persons to be citizens, as in the enactments conferring citizenship upon foreign-born children of citizens, or by enabling foreigners individually to become citizens by proceedings in the judicial tribunals, as in the ordinary provisions of the naturalization acts." [5]

Appellee argues that the quoted language from United States v. Wong Kim Ark is dictum. We do not agree. The question before the court was whether Chinese racial extraction prevented a person born in the United States from becoming a citizen by birth. It was necessary for the court to distinguish between citizenship by birth and citizenship by naturalization. The quoted language was pertinent to that inquiry and a part of the rationale of the decision.

Section 1993 is therefore a naturalization law in the constitutional sense. Absent considerations which require a contrary conclusion, this would appear to be the sense in which the term was used in the Hawaii Organic Act. Appellee, however, urges that there are considerations which indicate that the term as it appears in the latter act was used in the more limited sense of judicial naturalization.

In this connection, our attention is called to more recent enactments on the general subject. In both the Nationality Act of 1940 [6] and the Immigration and Nationality Act of 1952,[7] the term "naturalization" is defined as "the conferring of nationality of a state upon a person after birth * * * ." It is argued that these enactments indicate that Congress has intended all along that naturalization means acquisition of citizenship after birth.

We are not persuaded that the use of an expressly restrictive statutory definition of "naturalization" in the 1940 and 1952 enactments indicates that a similar, but unexpressed, restriction was intended in the 1900 act.[8] The principle of *in pari materia* is not a reliable guide here, because the 1940 and 1952 acts, unlike the 1900 act, deal comprehensively with the general subject of nationality, citizenship and naturalization. It is often the case that, for convenience of statutory treatment, or convenience of administration, terms used in a general code are, by definition, given a different or more limited meaning than that which they ordinarily have. It would have been as easy in 1900 as it was forty years later to use express language in giving the term a narrow meaning, if such had been the intention.[9]

More warrant to apply the principle of *in pari materia* is found in appellee's ref-

**5.** 169 U.S. 649, 702–703, 18 S.Ct. 456, 477. See, also, 169 U.S. at page 672, 18 S.Ct. at page 465. In Zimmer v. Acheson, 10 Cir., 191 F.2d 209, it was specifically held, as to one who acquires citizenship under § 1993, that "his status as a citizen was that of a naturalized citizen and not a native-born citizen." at page 211. The Immigration and Naturalization Service has twice held that persons in the precise position of appellants were citizens pursuant to § 1993. Matter of L.G.J. and C.I.P., 3 I. & N.Dec. 206; Lum Po Chu, et al., A 8915206, decided January, 1956, by the Regional Commissioner of the Immigration and Naturalization Service at San Pedro, California. We do not, however, accord substantial weight to these administrative determinations since, at the time they were rendered, the applicable statutes had been repealed.

**6.** Act of Oct. 14, 1940, 54 Stat. 1137, c. 876, Title I, § 101(c).

**7.** Act of June 27, 1952, 66 Stat. 163, c. 477, Title I, § 101(a) (23), 8 U.S.C.A. § 1101(a) (23).

**8.** Act of April 30, 1900, 31 Stat. 141, c. 339.

**9.** While the Immigration and Nationality Act of 1952 classifies as citizenship "at birth" most of the cases which formerly came under § 1993 of the Revised Statutes, it did not so classify all such cases. For example, while these appellants, being the children of an alien mother and a citizen father who did not live in the United States or its outlying possessions for ten years prior to the birth of the children, were covered by § 1993, they would not have been covered by the citizenship "at birth" provisions of the 1952 act. See 8 U.S.C.A. § 1401(a) (3, 4, 7).

erence to the act of March 2, 1907.[10] This act deals with the relatively narrow field of expatriation and protection of citizens abroad. Section 2 provides that when any "naturalized" citizen shall have resided for two years in the foreign state from which he came, or for five years in any other foreign state, it shall be presumed that he has ceased to be an American citizen. Section 6 provides that all children born outside the limits of the United States, who are citizens thereof in accordance with the provisions of § 1993 of the Revised Statutes, and who continue to reside outside the United States, must take certain steps in order to receive the protection of the government.

Calling attention to the fact that § 2 uses the term "naturalized" and § 6 does not, appellee argues that this indicates that citizenship acquired under § 1993 is not "naturalization."

In our view, however, these two sections do not evidence a congressional differentiation between "naturalized" citizens and citizens who acquire citizenship under § 1993. Section 2 is intended to apply broadly, as to all naturalized citizens, whether such citizenship was acquired under § 1993 or otherwise. Thus, it was necessary to use the term "naturalized" in § 2, but not necessary to use it in § 6. In Zimmer v. Acheson,[11] it was expressly held that one who acquired citizenship under § 1993 was a "naturalized" citizen, subject to the expatriation provision of § 2 of the act of March 2, 1907.

Appellee calls attention to the fact that, following the first clause of § 100 of the Hawaii Organic Act, reference is made to declarations of intention and to the renunciation of former allegiance. Since these references have application only to judicial naturalization, we are asked to read into the first clause a similar restriction. The principles of *noscitur a sociis* and *ejusdem generis* are said to call for this result.

■■ Under the principle of *noscitur a sociis*, the meaning of doubtful words in a statute may be determined by reference to their association with other associated words and phrases.[12] While the application of this principle tends to support appellee's construction of the statute in question, we regard it as inconclusive. It seems unlikely that Congress would have depended upon the application of such a principle rather than express language, had it intended to restrict the established constitutional meaning of a word. There is no reason in logic or practice why a statute which refers to naturalization in the broad sense may not include specific provisions which pertain only to judicial naturalization.

■ *Ejusdem generis* has application only where a statute contains an enumeration of specific words, followed by a general term.[13] Section 100 of the Hawaii Organic Act is not such a statute.

By way of legislative history, appellee quotes from the House report on the bill which became the Hawaii Organic Act.[14] This report does not discuss § 100. Under the heading "Citizenship," the report describes the composition of the citizenry of the Republic of Hawaii on August 12, 1898. In this connection, mention is made of the portion of the citizen population which acquired that status by being "naturalized." As so used, the term refers only to judicial naturalization.

This use of the term, with reference to the then existing citizen population of the Republic of Hawaii, is no indication that the term, as used in the statute, is to be similarly restricted. The report refers to previous naturalization under the laws of the Republic of Hawaii. The statute refers to the naturalization laws of the United States. Legislative history,

---

10. 34 Stat. 1228, c. 2534.

11. Footnote 5, supra.

12. 2 Sutherland, Statutory Construction (3d ed. Horack), § 4908, p. 393.

13. Sutherland, footnote 12, supra, § 4910, p. 400.

14. House Report 305, 56th Congress, Feb. 12, 1900, to accompany H.R. 2972, pages 8–9.

to be persuasive, must come closer to the mark than this.

We conclude that the reference to "naturalization" laws in § 100 of the Hawaii Organic Act applies to § 1993 of the Revised Statutes.

Reversed.