[Civ. No. 18540. First Dist., Div. One. Mar. 10, 1960.]

PHYLLIS CRAGO, Appellant, v. PACIFIC MOTOR
TRUCKING COMPANY (a Corporation) et al., Re-
spondents.

Belli, Ashe & Gerry for Appellant.

Boyd, Taylor, Nave & Flageollet for Respondents.

BRAY, P. J.—Plaintiff appeals from a judgment, after jury verdict in favor of defendants, and from the order denying motion for new trial.*

## QUESTIONS PRESENTED

1. Refusal of instruction on presumption of due care.
2. Effect of giving crosswalk instructions.

## EVIDENCE

Plaintiff and her sister were returning to Sacramento from their work at McClellan Air Force Base. They alighted from a bus at a point on highway 40 where there is a bench apparently furnished by the bus company for its passengers. There is no crosswalk marked on the highway. There are three lanes on the highway. Defendant Honeycutt, driving for defendant Pacific Motor Trucking Company, stopped his truck in the lane nearest the two women. The two women testified, and Honeycutt denied, that he waved his hand signalling them to cross the highway in front of his truck. Plaintiff testified that she looked both to the right and left, after the truck stopped, and the highway looked clear. She then saw Honeycutt make a motion for them to cross. Then she started across the road and remembers her sister being on "that side" (towards the direction from which the car which struck plaintiff came) and "after I got struck then I was in the hospital." She did not remember being hit. She said that she was within 2 feet of the white line of the center lane when struck. Mrs. Mills, the sister, testified that when Honeycutt gave the signal, the two women proceeded to cross the road. They walked side by side about 4 or 5 feet apart, plaintiff being on the side away from the car which struck her. Just as Mrs. Mills got to the end of the first lane she glanced over her left shoulder to see if any cars were coming "and all of a sudden I seen another car coming and it just barely missed me; and that's when it hit her." Mrs. Mills stood still and it went past her and struck her sister. Mrs. Mills did not see the vehicle as it struck her sister but only saw her as she started

---

*Despite the fact that it has been held too often to now require citation that no appeal lies from the denial of a motion for new trial, we are constantly faced with such purported appeals. That appeal must be dismissed.

to fall. Plaintiff was thrown to a point in the first lane about 15 feet from the truck. According to Mrs. Mills, the truck was high and quite long and obstructed their view to the north (from which direction the car came).

Honeycutt testified to stopping in the first lane when the women got off the bus. He put out a left hand signal. They walked toward him. He pushed his hat back and waited. He did not wave them across or give them any indication to cross. Apparently he gave a statement to a highway patrol officer in which the word "motion" was included. He said that plaintiff had crossed the white line into the middle lane when she was struck by the right fender of the car.

The driver of the car which struck plaintiff, and whose insurance company settled plaintiff's claim of $3,000, testified that traveling approximately 50 miles per hour he started to pass the truck. He just got a glance at the girls before he hit plaintiff.

1. *Instruction on Presumption of Due Care.*

Plaintiff offered an instruction to the effect that there is a presumption that a person takes ordinary care of his own affairs. Plaintiff contends that because plaintiff did not remember being hit the instruction should have been given. However, the testimony of plaintiff or her sister covered every moment including the impact with the car. Although plaintiff did not remember being struck she did remember starting to cross in front of the truck and seeing her sister by her side. To invoke the presumption under such circumstances would violate the purpose for which the presumption was intended to be used. It is only to be used when a plaintiff's evidence fails to disclose his actions at the time of the accident. Here plaintiff's evidence did disclose it. "Such an instruction, however, should not be given where the evidence introduced by the plaintiff discloses the acts and conduct of the injured party immediately prior to or at the time in question." (*Speck* v. *Sarver* (1942), 20 Cal.2d 585, 587-588 [128 P.2d 16]; *Laird* v. *T. W. Mather, Inc.* (1958), 51 Cal.2d 210, 221 [331 P.2d 617].) *Masterson* v. *Ward* (1958), 157 Cal.App.2d 142 [320 P.2d 613], is not applicable here. There the plaintiff testified that she did not remember what happened after she reached the white line in the street before she was struck by the defendant's automobile. It was held that she was entitled to an instruction to the effect that if the jury believed that the plaintiff did not know what

then occurred she was entitled to the presumption of due care. Different from our case, however, is the fact that, in that case, except for the testimony of the driver of the car which hit her, there was no evidence of her actions. It must be remembered that this action is not against the driver of the car which hit plaintiff. It is against the driver of the stopped truck. The only negligence charged against him is that he signalled the women to cross in the face of an oncoming car. The factual question is a comparatively simple one. Either as claimed by plaintiff and her sister (whom obviously the jury did not believe) the driver did negligently signal them to cross and they stepped into a position of danger relying on the signal, or he did not so signal them. Plaintiff was struck the instant she got in that position and her own testimony brings her up to within a fraction of an instant before being struck. As said in *Laird* v. *T. W. Mather, Inc., supra,* 51 Cal.2d 210, ''it is now settled that an instruction on the presumption should not be given when the party who seeks to invoke it testifies concerning his conduct immediately prior to or at the time in question.'' (P. 221.) Even if as contended by plaintiff the car which struck her came at her on a tangent, there is no room for the presumption as her testimony and that of her sister clearly shows her actions up to the time of the impact.

Applicable here is *Speck* v. *Sarver, supra,* 20 Cal.2d 585, 588: ''Whether the plaintiff took ordinary care of his own concerns . . . at that particular occasion was a matter of evidence established by the plaintiff and witnesses called by him in support of his claim that he did. In the face of this evidence there was no room for any presumption.''

2. *Crosswalk Instructions.*

 The court read section 562 of the Vehicle Code (as it existed at the time of trial) which requires a pedestrian crossing a roadway other than within a marked crosswalk or an unmarked crosswalk to yield the right of way to vehicles. The court then defined a crosswalk. As the accident admittedly occurred without such crosswalks the giving of this instruction was proper to inform the jury what a crosswalk is. It then instructed that as to the roadway locality involved here, a pedestrian has a right to cross the roadway at any point but these factors are required of such pedestrian in the exercise of ordinary care: (a) if she crosses within a marked or unmarked crosswalk vehicle drivers must yield the right of way;

(b) if she crosses at any other place she is required to yield the right of way to vehicles constituting a hazard, but still the driver of a vehicle has the duty to exercise ordinary care toward her. While section (a) could have been left out of the instruction,* as plaintiff was not crossing at a crosswalk, we see no prejudice in giving it. Plaintiff contends that by mentioning crosswalks in these instructions the court was causing the jury to believe that defendant was stopped at a crosswalk, which he was not. We fail to see any merit in this contention. As plaintiff was crossing outside a crosswalk it was the duty of the court to instruct as to the measure of plaintiff's duty in such a place. While the court went further and contrasted the duty of a pedestrian at a crosswalk with one not at a crosswalk we fail to see how plaintiff was injured thereby.

In view of our determination that the court was not required to give the instruction on due care it becomes unnecessary for us to consider plaintiff's further contentions based upon her assumption that that instruction should have been given.

The purported appeal from the order denying the motion for new trial is dismissed. The judgment is affirmed.

Tobriner, J., and Duniway, J., concurred.

---

*Plaintiff testified, however, "there was a parted line in one spot where at one time it had been a space left in it for people to cross there, but it has faded out, it has not had a recent yellow marking or repainting of white under it."