[Civ. No. 19263. First Dist., Div. Two. June 8, 1961.]

LAWRENCE LOVETT, a Minor, etc., et al., Respondents, v. ERIC HITCHCOCK et al., Appellants.

Hoge, Fenton, Jones & Appel and Charles H. Page for Appellants.

C. Ray Robinson and William B. Boone for Respondents.

DRAPER, J.—Judgment upon jury verdict was in favor of plaintiff son for general damages and of plaintiff father for medical and hospital expenses of the son. Defendants are Eric Hitchcock, who drove the car which struck young Lovett, and Eric's father. Defendants appeal. In this opinion, reference to plaintiff or defendant in the singular will be to the minor party only.

Both boys had attended an evening meeting of a junior ski club. After the meeting, a number of boys and girls went to a county road, intending to dance to their car radios. Plaintiff went with this group. Their 10-12 automobiles were parked off the roadway. The youngsters had been at this location for a few minutes, but had not yet begun to dance,

when the accident occurred. Defendant, on leaving the meeting, had driven a friend home, and then drove toward his own home. His speed was 35 to 50 miles per hour as he entered the road along which the other youngsters were. The evidence is in conflict as to whether any of the teenagers, particularly plaintiff, was on the paved roadway. Defendant testified that he first saw plaintiff when defendant's car was not less than 20 to 30 feet away. However, defendant also placed the point at which he was when he first saw plaintiff by reference to a building and other objects along the road. Evidence of the location of these objects and the point of impact affords basis for the conclusion that defendant's car was 196 feet or more from plaintiff when the driver first saw plaintiff, who was wearing a bright red jacket. There is testimony that plaintiff stood with his back to the roadway. Defendant did not apply his brakes, slow down, or sound his horn before the impact. There is some evidence that defendant's car swerved off the pavement immediately before striking plaintiff. As a result of his injuries, plaintiff has no memory of the accident.

Defendants first assert that it was error to instruct that plaintiff was entitled to the presumption of due care. His loss of memory is conceded, as is the general rule that the presumption applies in such case (*Scott* v. *Burke,* 39 Cal.2d 388, 394 [247 P.2d 313]). [██ Defendants argue, however, that witnesses produced by plaintiff gave detailed evidence of the happening of the accident, thus barring his reliance on the presumption. But the mere fact that others testify fully as to the acts of plaintiff does not bar application of the presumption. The presumption is dispelled only "if the fact proved by uncontradicted testimony produced by the party seeking to invoke the presumption, 'under circumstances which afford no indication that the testimony is the product of mistake or inadvertence . . . is wholly irreconcilable with the presumption. . . .' '' (*Gigliotti* v. *Nunes,* 45 Cal.2d 85, 93 [286 P.2d 809].)

██ Here the evidence is in conflict on the question, crucial to the defense of contributory negligence, whether plaintiff was standing on the paved portion of the roadway when he was struck. Thus defendants do not and cannot contend that contributory negligence is shown as a matter of law. It follows that the instruction was proper (*Westberg* v. *Willde,* 14 Cal.2d 360, 365 [94 P.2d 590]). The decision relied upon by defendants (*Crago* v. *Pacific Motor Trucking Co.,* 178 Cal.App. 2d 751 [3 Cal.Rptr. 183]) is readily distinguishable upon its

facts. There plaintiff herself testified as to all her conduct bearing upon the liability of the only defendant there sued.

Defendants next contend that the evidence was insufficient to warrant the instruction on last clear chance. We cannot agree. The rule is clear that three elements are essential to application of this doctrine (*Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729, 743 [306 P.2d 432]). In determining whether the record warrants the instruction, we must view the evidence in the light most favorable to plaintiff, indulging all reasonable inferences in his favor (*Bonebrake* v. *McCormick,* 35 Cal.2d 16, 19 [215 P.2d 728]), In this light, the facts we have recited earlier support the giving of the instruction. We have heeded the admonition that the last chance must be a clear one, and that we are not to indulge in "a splitting of seconds" to justify the instruction (*Rodabaugh* v. *Tekus,* 39 Cal.2d 290, 297 [246 P.2d 663]), and are convinced that the evidence here meets the required standard.

The jury was instructed that if defendants were guilty of wilful or wanton misconduct, contributory negligence of plaintiff could not be a defense. Defendants assert that the evidence was insufficient to warrant the instruction, and further, that the definition of wilful or wanton misconduct was erroneous.

There can be little doubt that recovery for an intentional tort cannot be defeated by mere contributory negligence of the plaintiff (Rest., Torts, § 481). The Restatement extends the same rule to defendant's "reckless disregard of the plaintiff's safety" (*id.* § 482), also termed "wanton or wilful misconduct" (*id.* § 500).

Several California cases have stated that contributory negligence is not a defense where wilful or wanton misconduct is shown (*Esrey* v. *Southern Pacific Co.,* 103 Cal. 541, 545 [37 P. 500]; *Girdner* v. *Union Oil Co.,* 216 Cal. 197, 202 [13 P.2d 915]). Decisions which have directly ruled upon the question (e.g. *Harrington* v. *Los Angeles Ry. Co.,* 140 Cal. 514 [74 P. 15, 98 Am.St.Rep. 85, 63 L.R.A. 238]; *Cawog* v. *Rothbaum,* 165 Cal.App.2d 577 [331 P.2d 1063]), have pointed out that the last clear chance doctrine also applied, and that the negation of contributory negligence as a defense could turn on either theory. We conclude, however, that in a proper case the jury may be instructed that wilful or wanton misconduct bars the defense of contributory negligence.

In determining what constitutes such misconduct, we find little detailed aid save in the cases dealing with recovery by a

guest against a host driver. Such a guest may recover only if the injury resulted from "the intoxication or wilful misconduct of the driver." Under this statute, wilful misconduct consists in " 'the intentional doing of something with a knowledge that serious injury is a *probable* (as distinguished from a possible) result,' " or " 'the intentional doing of an act with a wanton and reckless disregard of its *possible* result' " (*Cope v. Davison,* 30 Cal.2d 193, 198-199 [180 P.2d 873, 171 A.L.R. 667]). ▮ Here there is testimony from which the jury could find that defendant saw plaintiff 196 feet away in the paved portion of the roadway, and neither slowed nor sounded his horn. There is also the testimony that defendants' car swerved toward plaintiff immediately before the impact. Thus the evidence could support a jury finding that defendant was guilty of wilful or wanton misconduct, as defined in Cope or in the Restatement. The evidence warranted the giving of the instruction.

Defendants, however, assert also that the instruction is erroneous in form. It reads:

"Wilful or wanton misconduct on the part of an automobile driver consists of intentionally doing or failing to do something under circumstances which show either knowledge on his part that serious injury will probably result to another person, or a wanton and reckless disregard of possible results Such misconduct is something more than negligence, but there may be wilful or wanton misconduct on the part of the driver even though he has no intention of injuring anyone.

"In order to establish wilful or wanton misconduct on the part of a driver, it is not necessary to show express knowledge on his part of the probable consequences of his conduct. The driver is charged with knowledge of the probable consequences if such consequences would have been apparent to a person of ordinary prudence and intelligence. In other words, the driver's knowledge of the probability of injury to another person may be implied if the circumstances are such that a person of ordinary prudence and intelligence would have known that serious injury to another would probably result from the driver's conduct."

▮ The attack is upon the statement that "express knowledge ... of the probable consequences of his conduct" need not be shown, but that "the driver is charged with knowledge of the probable consequences, if such consequences would have been apparent to a person of ordinary prudence." This, defendants say, permitted the jury to find wilful misconduct

from mere proof of ordinary negligence. We do not agree.

This portion of the instruction specifically refers only to defendant's knowledge of the consequences of his act or omission. It goes to his frame of mind, and not to his knowledge of the facts. To limit a plaintiff to the internal or subjective standard in establishing defendant's frame of mind—his recognition of the possible or probable consequences of his intentional act—obviously would impose an unfair if not impossible burden. This problem has been fully discussed in a well-reasoned opinion (*Van Fleet* v. *Heyler*, 51 Cal.App.2d 719, 727-730 [125 P.2d 586]), which holds that reference to the standard of the reasonable man is proper in determining defendant's knowledge of the consequences of his act. That decision is cited with approval by the Supreme Court (*Cope* v. *Davison, supra,* 30 Cal.2d 193).  The same rule is adopted by the Restatement, which states that "In order that the actor's conduct may be reckless, it is not necessary that he himself recognize it as being extremely dangerous. His inability to realize the danger may be due to his own reckless temperament or to the abnormally favorable results of previous conduct of the same sort. It is enough that he knows or has reason to know of circumstances which would bring home to the realization of the ordinary, reasonable man the highly dangerous character of his conduct" (Rest., Torts, § 500, comment c). The invocation of the standard of the ordinary prudent man, limited as it was to the issue of knowledge of the consequences of defendant's act, was not erroneous.

Although both parties fail to make the distinction, there is another issue as to which the knowledge of defendant must be actual, although it may be established by circumstantial as well as direct evidence. That is defendant's awareness of the factual context in the light of which his conduct is wilful or wanton. Obviously, the requirement that his act be intentional is not met in the absence of knowledge by him of the situation in which he acts. In the Restatement, the point is not precisely stated in the rule itself, but is made eminently clear in the comment. There it is stated that intentionally driving through a stop sign into a stream of traffic constitutes the proscribed misconduct, whereas the same failure to stop would be merely negligent if the driver inadvertently failed to realize that he was approaching an intersection (Rest., Torts, § 500, comment b; and see also *Bassett* v. *Crisp,* 113 Cal.App. 2d 295, 307 [248 P.2d 171]).  Wilful or wanton misconduct cannot be found by charging a driver with knowledge

which he did not have, but which would have been known to the man of ordinary prudence, and predicating upon that assumed knowledge a disregard which would have been reckless in the mind of a man of ordinary prudence. Such a rule would eliminate the distinction between ordinary negligence and wilful or wanton misconduct.

Here, however, the instruction was that the act or omission must be intentional, thus negating a merely constructive knowledge of the facts creating danger. ▆▆▆ Undoubtedly defendant would have been entitled to an amplification stressing the requirement that he have actual knowledge (whether proved directly or by inference) of the factual context in which his acts and omissions were asserted to be wilful or wanton. But he requested no such amplification. Thus he cannot complain on appeal (*Darnold* v. *Voges,* 143 Cal.App.2d 230, 249 [300 P.2d 255]; *Ching Yee* v. *Dy Foon,* 143 Cal.App. 2d 129, 140 [299 P.2d 668]; *Sullivan* v. *Matt,* 130 Cal.App.2d 134, 143 [278 P.2d 499]).

We caution the trial bench and bar that cases warranting instruction on wilful or wanton misconduct will seldom arise. By its very definition, such misconduct is rare. The recent decision applying the rule (*Cawog* v. *Rothbaum, supra,* 165 Cal.App.2d 577) presented an extremely aggravated situation. While perhaps not so extreme, the facts of the case at bar similarly warrant the instruction. ▆▆▆ But wanton or wilful misconduct is much more than negligence or gross negligence. It should but rarely be resorted to by the trial courts. We point out that, so far as its effect is concerned, the rule concerning such misconduct in almost every case overlaps the doctrine of last clear chance (see *Girdner* v. *Union Oil Co., supra,* 216 Cal. 197, 202).

We have reviewed in detail the remaining assignments of error and find no merit in them.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.

A petition for a rehearing was denied July 7, 1961, and appellants' petition for a hearing by the Supreme Court was denied August 2, 1961.