670 P.2d 1324

**Ronald FITZGERALD and Lynda Fitzgerald, husband and wife, and Clifford D. Mefford and Ila Mefford, husband and wife, Plaintiffs-Respondents,**

v.

**Charles T. YOUNG, Defendant-Appellant.**

**No. 14538.**

Court of Appeals of Idaho.

Oct. 11, 1983.

Anton Hohler of Tway & Tway, Boise, for defendant-appellant.

Scott D. Hess of Eberle, Berlin, Kading, Turnbow & Gillespie, Chartered, Boise, for plaintiffs-respondents.

McFADDEN, Judge Pro Tem.

The present controversy began when Fitzgerald and Mefford undertook a joint venture, called Denton Village, to develop real property located adjacent to farmland owned by Young. It required the design and implementation of a surface water drainage system to accommodate runoff generated by unusual storms. The system developed for Denton Village employed the use of an existing ditch system on the west- ern border of the project through which runoff would drain.

Young's property lies on the western border of Denton Village. At the easternmost edge of his property are two parallel ditches, one abandoned, which break off from a larger ditch system at the southern edge of Young's property and flow toward the northern edge. Without obtaining Young's permission, and without obtaining an easement, the developers built part of the drainage system on the easterly tip of Young's property.

Apparently upset by the placing of drainage structures on his land, Young complained to the developers and to various authorities. Later, when he irrigated his land, water flowed from the property to a part of Raymond Street on the westerly edge of Denton Village. This flooding continued every week throughout the 1980 irrigation season. As a result of the flooding, the developers were unable to pave Raymond Street and to prepare the complex for sale, necessitating payments of interest on the construction loan for a longer time than anticipated.

The developers then brought this action, alleging that Young had engaged in certain irrigation practices which constituted willful misconduct and which caused extensive damage to the development. They also sought condemnation of an easement on Young's land to maintain the drainage structures previously built. In addition, they requested punitive damages. Young counterclaimed for damage caused by the trespass of the developers in building the structures upon his land without his permission and also claimed damages for emotional distress.

At the trial on this action, Young represented himself (counsel on this appeal appearing only after the trial was completed). Following trial, the court issued a decision finding in favor of Young on the trespass issue; but because Young had failed to prove damages, the court awarded only one dollar. The court also found in favor of the developers on the issue of whether condemnation was "necessary," and granted them

the requested easement, allowing Young twenty-five dollars in compensation for the taking of his property.

Finally, the trial court found that Young had taken "spiteful action" and had "managed his irrigation water in a fashion that caused flooding" of Raymond Street. The court concluded that Young had intentionally harmed the developers; and the court awarded $8,292.04 in damages, against which Young's total damages of twenty-six dollars were to be offset. In this appeal, Young has raised no issue concerning the findings upon which the conclusion of intentional harm was based. Neither does Young challenge the failure of the trial court to award more than one dollar in damages on the trespass; nor does he contest the granting of an easement to the developers, subject to compensation.

Rather, on this appeal, Young essentially claims that because he did not own the ditches in question, he did not have a duty to maintain them and could not be held liable for damage caused by the overflow. He also argues that because the developers themselves damaged the ditch and were negligent in failing to repair the ditch, he cannot be held responsible for damage from events set in motion by the developers.

However, none of Young's arguments is apposite here. He frames his legal issues in terms of negligence; yet the trial court found that his tortuous conduct was intentional and willful. It is a well-settled rule that the negligence of a plaintiff is not a defense available to a defendant who has committed an intentional tort. *See Pelletti v. Membrila,* 234 Cal.App.2d 606, 44 Cal. Rptr. 588 (1965); *Lovett v. Hitchcock,* 192 Cal.App.2d 806, 14 Cal.Rptr. 117 (1961); *Rusher v. Smith,* 70 Ill.App.3d 889, 26 Ill. Dec. 905, 388 N.E.2d 906 (Ill.App.1979); *South Texas Lloyds v. Jones,* 273 So.2d 853 (La.App.1973); *City of Garland v. White,* 368 S.W.2d 12 (Tex.Civ.App.1963). *See also* Idaho cases rejecting a comparison of negligence with other standards of conduct: *Duff v. Bonner Bldg. Supply, Inc.,* 105 Idaho ——, 666 P.2d 650 (1983) (contributory negligence not a defense to breach of war-

ranty action); *Shields v. Morton Chemical Co.,* 95 Idaho 674, 518 P.2d 857 (1974) (contributory negligence not a defense to strict liability action). Although these cases speak in terms of contributory negligence, they stand for the proposition that conduct which is merely negligent cannot be compared to intentional conduct so as to relieve a defendant from liability. This concept is still viable even though we now embrace a comparative negligence system rather than the strict contributory negligence concept. Cases decided under the comparative negligence concept continue to hold that negligent conduct should not be compared to intentional conduct. *E.g., Melendres v. Soales,* 105 Mich.App. 73, 306 N.W.2d 399 (1981); *Danculovich v. Brown,* 593 P.2d 187 (Wyo.1979). Thus, regardless of the developers assertedly negligent conduct, Young still may be held liable for damages caused by his intentional tort without an offset for any negligent conduct of the developer. In addition, whether Young had any duty to maintain a ditch is irrelevant in the face of a finding, supported by the evidence, that his conduct was intended to cause the harm that resulted. Therefore, the judgment of the district court is affirmed.

The developers request an award of attorney fees on appeal. Because we are not left with the abiding belief that this appeal was brought unreasonably and without foundation, we decline to make such an awrd. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979); *Erhardt v. Leonard,* 104 Idaho 197, 657 P.2d 494 (Ct.App.1983).

Judgment affirmed. Costs to respondents.

SWANSTROM and BURNETT, JJ., concur.