449 So.2d 876 (1984)
HONEYWELL, INC., and Aetna Casualty & Surety Company, Appellants,
v.
TREND COIN COMPANY, D/B/a the Trendline and Precious Metal Brokers, Inc., Appellees.
No. 83-1869.
District Court of Appeal of Florida, Third District.
April 3, 1984.
Rehearing Denied May 30, 1984.
*877 Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble and James C. Blecke, Miami, for appellants.
Floyd, Pearson, Stewart, Richman, Greer, Weil & Zack and James B. Tilghman, Jr., Miami, Fuller & Feingold, Miami Beach, for appellees.
Before NESBITT, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
After a burglary on Trend's premises resulted in a loss of part of Trend's stock of jewelry, gold and silver, Trend Coin Company sued Honeywell for damages. Trend alleged intentional misrepresentation by Honeywell as to the capabilities of the alarm system, negligent design, negligent installation and service, and breach of contract. *878 Honeywell disclaimed liability on the ground that it had not undertaken to insure Trend. The jury returned a verdict in favor of Trend, awarding compensatory damages of more than $8 million, punitive damages of $1 million and prejudgment interest exceeding $3 million. The jury found that Honeywell had misrepresented the system and that the misrepresentation was a legal cause of damage to Trend. Honeywell appeals, seeking reversal and a new trial as to liability and damages and reversal of the award of prejudgment interest. We agree that the trial court erred in excluding expert testimony, and in awarding prejudgment interest. We therefore reverse for a new trial on the issues of compensatory and punitive damages. DuPuis v. 79th Street Hotel, Inc., 231 So.2d 532 (Fla. 3d DCA), cert. denied, 238 So.2d 105 (Fla. 1970).
Honeywell's primary argument questions the trial court's exclusion of expert testimony as to the value of the merchandise stolen from Trend. The trial court excluded Honeywell's expert witnesses, apparently because their accounting methods did not include "constant dollar" calculations. Honeywell's accountants claimed that Trend's inadequate records forced them to base their estimates of value on dollar amounts of purchases and sales rather than upon the weight and quality of the precious metals bought and sold.
Although the admission of expert testimony lies within the trial court's discretion, Buchman v. Seaboard Coast Line R. Co., 381 So.2d 229 (Fla. 1980), that discretion is not without limits:
[t]he method of evaluation used by an appraiser-expert witness is not a matter relating to the competency of his testimony to be ruled upon by the trial Judge unless the method used by the witness is so totally inadequate or improper that adoption of the method would require departing from all common sense and reason or would require adoption of an entirely new and totally unauthenticated formula in the field of appraising.
Rochelle v. State Road Department, 196 So.2d 477, 479 (Fla. 2d DCA 1967). Taking into consideration the rapid turnover of Trend's inventory, and the fluctuations of the precious metals market during the period in question, we cannot say that the method used by Honeywell's experts was totally inadequate or departed from all common sense and reason. Accordingly, we find that the trial court erred in excluding Honeywell's expert witnesses. See Gifford v. Galaxie Homes of Tampa, Inc., 223 So.2d 108 (Fla. 2d DCA), cert. denied, 229 So.2d 869 (Fla. 1969) (sole province of jury to accept or reject the testimony of expert witness); State Road Department v. Falcon, Inc., 157 So.2d 563 (Fla. 2d DCA 1963) (failure of expert witness to consider one factor in assessing compensation goes to the weight of expert's testimony not his competency or the competency of his testimony); Worcester Mutual Fire Ins. Co. v. Eisenberg, 147 So.2d 575 (Fla. 3d DCA 1962) (any evidence logically tending to establish a correct estimate of the value of property may be considered). We therefore reverse and remand for a new trial on damages.
Because our reversal will require a new trial, we address two other issues in order to offer guidance to the trial court. On retrial, excluded evidence that Trend valued its inventory at $1.6 million in an application for insurance is admissible to impeach subsequent statements pertaining to the value of the loss. Whether Trend's president signed a blank contract which was completed by an insurance agent or whether he himself filled in the amounts presents a question of fact for jury determination.
We also find error in the trial court's award of prejudgment interest on an unliquidated claim. Trend argues that interest is proper where the exact pecuniary loss can be ascertained by reference to market price or market value, citing Sullivan v. McMillan, 37 Fla. 134, 19 So. 340 (1896). Here, however, the exact loss cannot be ascertained because the quantity of precious metal lost is in dispute. See *879 Alarm Systems of Florida, Inc. v. Singer, 380 So.2d 1162 (Fla. 3d DCA 1980). Honeywell's other arguments are without merit. See Fitzgerald v. Young, 105 Idaho 539, 670 P.2d 1324 (Ct.App. 1983) (comparative negligence not a defense to intentional tort); Melendres v. Soales, 105 Mich. App. 73, 306 N.W.2d 399 (1981) (same); cf. Deane v. Johnston, 104 So.2d 3 (Fla. 1958) (contributory negligence not a bar to intentional tort). See also Mankap Enterprises v. Wells Fargo Alarm Services, 427 So.2d 332 (Fla. 3d DCA 1983) (exculpatory clause not a defense to intentional misrepresentation).
Affirmed in part; reversed and remanded for new trial on damages.