**Marnie CORTEZ, Plaintiff,**

v.

**UNIVERSITY MALL SHOPPING CENTER, Defendant.**

**No. 95–C–1047 C.**

United States District Court,
D. Utah,
Central Division.

Sept. 30, 1996.

Paul S. Felt, Ray, Quinney & Nebeker, Salt Lake City, UT, for Defendant.

## ORDER

BOYCE, United States Magistrate Judge.

The plaintiff, Marnie Cortez, has sued University Mall Shopping Center, a partnership, alleging the defendant was liable for her injuries from an assault by a stranger against Cortez when she was kidnapped from the University Mall and transported to a secluded area and abused. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332. The plaintiff alleges defendant failed to provide adequate lighting, security and policing to protect the tenants of the mall. The plaintiff's claim is based on negligence and also as a third party beneficiary to a lease agreement.[1] The defendant has denied liability.

The defendant University Mall has made a motion to have included in the apportionment of fault, under the Utah Liability Reform Act, the conduct of plaintiff's unknown assailant. Plaintiff contends that the apportionment is improper where the act of assailant in this case was an intentional tort. Plaintiff also asserts there should be no apportionment where the defendant had the duty to prevent the very conduct that defendant seeks to use as an apportionment factor. Both parties agree the Utah Supreme Court has not resolved the issue.

■ To the extent that the Utah Supreme Court has not addressed the issue in defendant's motion, this court must, in a diversity case under 28 U.S.C. § 1332, try to determine how the Utah Supreme Court would resolve the issue.[2] *Adams–Arapahoe School Dist. No. 28–J v. GAF Corp.*, 959 F.2d 868

Evan A. Schmutz, M. Reed Adams, Hill, Harrison, Johnson & Schmutz, P.C., Provo, UT, for Plaintiff.

---

1. The later basis of liability is not before the court in this motion.

2. Neither party has requested this court to certify the matter to the Utah Supreme Court for resolution. The defendant called to this court's attention the fact that Judge Timothy Hansen, Third District Court, State of Utah, had ruled, in what counsel said was a similar case, that apportionment was proper. However, counsel has not provided to the court the opinion of Judge Hanson or the facts of the case involved so that it can be determined if the circumstances are similar. Although, this court must follow the decision of

Utah's highest court and intermediate appellate court rulings on Utah law, *Weiss v. United States*, 787 F.2d 518 (10th Cir.1986); *Jordan v. Shattuck Nat. Bank*, 868 F.2d 383 (10th Cir.1989) but see *Perlmutter v. U.S. Gypsum Co.*, 54 F.3d 659 (10th Cir.1995) and *Daigle v. Shell Oil Co.*, 972 F.2d 1527 (10th Cir.1992), this court is not bound to follow a trial court ruling but should consider its reasoning and perspective. *Rogers v. Corrosion Products Inc.*, 42 F.3d 292 (5th Cir.1995). However, the Utah District Court's opinion has not been provided.

(10th Cir.1992); *Wood v. Eli Lilly & Co.*, 38 F.3d 510 (10th Cir.1994).

■ The Utah comparative fault statute, Utah Code Ann. § 78–27–37 et seq., is somewhat unique to Utah. It contains no specific statement as to whether there can be a comparison of intentional tort with that of negligence.[3] Utah Code Ann. § 78–27–38 provides:

(1) The fault of a person seeking recovery shall not alone bar recovery by that person.

(2) A person seeking recovery may recover from any defendant or group of defendants whose fault, combined with the fault of persons immune from suit, exceeds the fault of the person seeking recovery prior to any reallocation of fault made under Subsection 78–27–39(2).

(3) No defendant is liable to any person seeking recovery for any amount in excess of the proportion of fault attributed to that defendant under Section 78–27–39.

(4)(a) *In determining the proportionate fault attributable to each defendant, the fact finder may, and when requested by a party shall, consider the conduct of any person who contributed to the alleged injury regardless of whether the person is a person immune from suit or a defendant in the action and may allocate fault to each person seeking recovery, to each defendant, and to any person immune from suit who contributed to the alleged injury.* (Emphasis added).

(b) Any fault allocated to a person immune from suit is considered only to accurately determine the fault of the person seeking recovery and a defendant and may not subject the person immune from suit to any liability, based on the allocation of fault, in this or any other action.

The defendant contends this provision is an absolute comparative fault statute. Both parties agree that under *Sullivan v. Scoular Grain Co. of Utah*, 853 P.2d 877 (Utah 1993); *Ericksen v. Salt Lake City Corp.*, 858 P.2d 995 (Utah 1993); *Nixon v. Salt Lake City Corp.*, 898 P.2d 265 (Utah 1995); *Dahl v. Kerbs Constr. Corp.*, 853 P.2d 887, 888 (Utah 1993); *Brown v. Boyer–Washington Blvd. Associates*, 856 P.2d 352, 354 (Utah 1993), interpreting the Act, that fault can be compared between a party and non party.[4] See Comment, *Apportioning The Comparative Fault of Non–Party Joint Tortfeasors*, 1994 Utah L.Rev. 444; Note, *Sullivan v. Scouler Grain Co.: Apportioning Fault of Immune Employers*, 1994 BYU L.Rev. 187. This is also somewhat clear from the 1994 Amendments to the Act. However, the 1994 Amendments also refer primarily to immune defendants. The assailant, in this case, is not an immune defendant, however Utah Code Ann. § 78–27–38(4) refers to the conduct of any person who "contributed to the alleged injury regardless of whether the person is immune from suit or a defendant in the action ..."

■ Defendant's position is that the Utah statute is one of absolute comparative fault and contends for that position based on holdings of other jurisdictions that have allowed comparison of actor negligence against actor intentional tortious conduct. *Reichert v. Atler*, 117 N.M. 623, 875 P.2d 379 (1994); *Barth v. Coleman*, 118 N.M. 1, 878 P.2d 319 (1994); *Weidenfeller v. Star & Garter*, 1 Cal.App. 1, 2 Cal.Rptr.2d 14 (1991); *Blazovic v. Andrich*, 124 N.J. 90, 590 A.2d 222, 231 (1991); *Comeau v. Lucas*, 90 A.D.2d 674, 455 N.Y.S.2d 871 (1982). The effect of applying such a standard in this case would probably significantly undermine plaintiff's claim against defendant. The assailant's intentional conduct was the primary and immediate cause of plaintiff's damage. Although under plaintiff's theory of the case, the defendant had a duty to prevent the occurrence of injury to plaintiff if possible, in causal terms of plaintiff's injury, the intentional tortfeasor's conduct was the immediate causal connection to the harm and is likely to be the more substantial cause in a strict comparison formula. The defendant's duty, if at all under the facts

---

**3.** To this extent the defendant's reference to the Uniform Comparative Fault act § 1 Comment, 12 U.L.A. 44 (1979) is not determinative or authoritative.

**4.** The Utah statute was amended in 1994 to make changes in apportionment of fault not important to this case *Nixon,* supra p. 266.

of this case, arose only if the defendant knew the criminal act was likely to occur. *Steffensen v. Smith's Management Corp.*, 862 P.2d 1342 (Utah 1993) (liability of a shopping store for failure to protect); See also *Mitchell v. Pearson Enterprises,* 697 P.2d 240 (Utah 1985) (hotel's obligation to provide security for patron, causal connection must be shown); *Nero v. Kansas State University,* 253 Kan. 567, 861 P.2d 768 (1993) (duty of landlord to protect does not arise until impending danger becomes apparent, or circumstances are such that a careful and prudent person would be on notice of potential danger); *Taco Bell, Inc. v. Lannon,* 744 P.2d 43 (Colo.1987) (duty to protect where there were ten known prior robberies). The responsibility does not arise until intentional misconduct of an unknown assailant is a real likelihood. The concepts of intentional tort liability and negligent fault do not lend themselves to easy comparison under such circumstances. The duty of the defendant is to act against the anticipated criminal wrong of another to prevent the misconduct of the third person.[5] To require comparison distorts the protections a plaintiff should be able to claim from a defendant's duty to protect.

The plaintiff has cited cases refusing to compare the fault of negligent and intentional *tortfeasors. Fitzgerald v. Young,* 105 Idaho 539, 670 P.2d 1324 (1983); *Cruise v. Graham,* 622 So.2d 37 (Fla.App.1993); *Stephan v. Lynch,* 136 Vt. 226, 388 A.2d 376 (1978); *Graves v. Graves,* 531 So.2d 817 (Miss.1988). These cases only show a different conclusion. In a passing comment on another case, the Utah Supreme Court in *Randle v. Allen,* 862 P.2d 1329, 1334 (Utah 1993) noted that "Except for intentional torts and strict products liability, modern tort law does not impose liability for personal injury absent fault or negligence ..." This may suggest a recognition of the fact that an intentional tort is a different and special form of tort and fault

implies a different form of culpability distinct from intentional tort. They are not the same genre.

The split of authority among the jurisdictions indicates differing statutory constructions and policy positions. The cited cases therefore do not clearly answer the issue in this case. In this case, this court should attempt to construe the statute in accord with the Utah legislative intent. *Sullivan,* supra; *Harmon City v. Nielsen & Senior,* 907 P.2d 1162, 1167 (Utah 1995). This requires consideration of the plain meaning of the statute. *Harmon City,* supra p. 1167; *Utah State Bar v. Summerhayes & Hayden, Public Adjusters,* 905 P.2d 867, 871 (Utah 1995); *State v. Larsen,* 865 P.2d 1355, 1357 (Utah 1993); *Bonham v. Morgan,* 788 P.2d 497, 500 (Utah 1989). The critical expression of the Utah statute is found in Utah Code Ann. § 78–27–38(2) (1995 Supp.) which states that a "person seeking recovery may recover from any defendant or group of defendants whose *fault,* combined with persons immune from suit exceeds the fault of the person seeking recovery prior to any reallocation of fault ..." (Emphasis added). Utah Code Ann. § 78–27–38(4)(a), as noted before, allows allocation of the proportion of fault of non parties whose conduct contributed to the injury. Therefore a phantom's (non-party) conduct may be allocated in determining proportionate *fault.* See also Utah Code Ann. § 78–27–39.[6] The substance of § 78–27–38(4)(a) allows the comparison of the "fault" of the assailant with that of defendant. Comparison of *fault* is the main feature of the Utah Liability Reform Act. *Nixon v. Salt Lake City,* supra; *Brown v. Boyer–Washington Blvd.,* 856 P.2d 352 (Utah 1993); *Interwest Const. v. Palmer,* 886 P.2d 92 (Utah App.1994). Comparison of "fault" is the critical consideration in this case.

**5.** In *Kansas State Bank v. Specialized Transportation Services, Inc.,* 249 Kan. 348, 819 P.2d 587 (1991) the court refused to apply comparative fact in a sexual assault case of a like nature observing "negligent tortfeasors should not be allowed to reduce their fault by the intentional fault of another that they had a duty to protect." 819 P.2d at 606.

**6.** Except for Utah Code Ann. § 78–27–38(4) the Utah statute would appear to be limited to comparison of the proportion of fault to defendants and persons "immune" from suit. See § 78–27–39. The Liability Reform Act statute is poorly drafted because its terminology and language usage is not completely internally consistent.

Utah Code Ann. § 78–27–37(2) defines "fault", which is what must be compared. It provides:

> "Fault" means any actionable breach of legal duty, act, or omission proximately causing or contributing to injury or damages sustained by a person seeking recovery, including negligence in all its degrees, contributory negligence, assumption of risk, strict liability, breach of express or implied warranty of a product, products liability, and misuse, modification or abuse of a product.

Nothing is said in the definition of fault about comparison of intentional torts. Although the initial language of the definition states any "actionable breach of legal duty" it is apparent the legal duty is illustrated by the included references to traditional tort conduct exclusive of intentional torts.[7] Intentional tort forms of conduct were apparently not intended to be within the concept of "fault" or were not contemplated by the Utah Legislature.

■ The axiom of statutory constructions of *noscitur a sociis* is that the general terms of a statute are to take meaning from the terms of the more specific language in a statute and are to be associated together. *OSI Industries, Inc. v. Utah State Tax Com'n, Auditing Div.*, 860 P.2d 381, 384 n. 2 (Utah 1993). See *Wong Kam Wo v. Dulles*, 236 F.2d 622, 626 (9th Cir.1956). This is a corollary axiom to that of *ejusdem generis* which is that general terms take meaning from specific terms or class description in the same statute. *State v. Vogt*, 824 P.2d 455 (Utah App.1991); *Nephi City v. Hansen*, 779 P.2d 673, 675 (Utah 1989); *Western Nuclear, Inc. v. Andrus*, 664 F.2d 234, 241 (10th Cir. 1981). Applying these standards of construction to the definition of "fault" in Utah Code Ann. § 78–27–37(2) it must be concluded that comparative fault under the Utah Liability Reform Act does not include comparison of an intentional tort with various other aspects of negligence, products liability, or culpability.

7. This comports with the general observation made by the Utah Supreme Court in *Randle v.*

Therefore, for two reasons it is concluded the defendant's motion to allocate fault between defendants and plaintiff's unknown assailant should be denied. First, because the intent of the Utah Legislature as expressed in the definition of the term "fault" in the Liability Reform Act does not contemplate comparison of negligence or similar conduct, with intentional conduct. Second, because in this case defendant's duty is secondary to the assailant's conduct and derives from a failure to protect plaintiff from the assailant's conduct. Defendant's fault is independent of the assailant's wrongdoing and comparison under such circumstances is not rational. Therefore,

**IT IS HEREBY ORDERED** the motion of defendant University Mall Shopping Center to apportion the fault for plaintiff's injury between defendant and the plaintiff's unknown assailant is denied.

*Allen,* supra, differentiating negligent fault from intentional tort.