**In re Philip A. SMITH, Jr., Debtor.**

**In re Jeffery Stephen PIERCE and Mary Kathryn Pierce, Debtors.**

**Bankruptcy Nos. 80–1088, 80–1091, 179–00911, 180–00039.**

United States District Court,
C. D. Illinois.

July 10, 1980.

Barry M. Barash & Charles E. Covey, Galesburg, Ill., for Smith and Pierce.

James S. Brannon, Trustee, Peoria, Ill., for Smith.

Barney Olson, II, Galesburg, Ill., for creditor, Public Finance Co. in Smith.

James S. Brannon, Peoria, Ill., for Trustee in Pierce.

## DECISION AND ORDERS ON APPEAL

ROBERT D. MORGAN, Chief Judge.

These cases present the question whether federal Truth in Lending claims (and similar consumer claims under state laws) may be allowed as exempt property to debtors under § 522(d)(5) of the Bankruptcy Code, to the extent of any unused portion of amount of the homestead exemption. Debtors here claim such exemptions and have appealed denial thereof by the Bankruptcy Judge.

Debtors rely chiefly on the language "in any property" in § 522(d)(5) and on *Collier on Bankruptcy*, Fifteenth Edition, Volume 3, ¶ 522.14, as follows:

General Exemption. § 522(d)(5).

"The debtor is allowed an exemption of $400 plus the unused portion of the homestead exemption. The purpose of this exemption is to prevent discrimination against nonhomeowners. The homeowner who uses the full amount of the homestead exemption, however, is still entitled to the $400 exemption. If, for example, there is an item of furniture that has a value greater than $200, thus not exempt under the household furnishings exemption of paragraph (3), the debtor may apply the $400 toward this furnishing. The unused portion of the homestead exemption plus the $400 may be claimed in

any property, be it property that is exempt in excess of the value allowed by a particular paragraph of section 522(d), or property that is otherwise nonexempt."

Debtors also rely on *Matter of Upright*, 1 B.R. 694 (Bkrtcy., 1979), which held business inventory exempt under this section.[1] The Bankruptcy Judge here disagrees with *Upright* as judicial legislation because "the Code creates no exemptions for business related items." He says that "because of the legislative history of § 522, the language 'in any property' means any property described in § 522." In essence, this view seems to be that, with all the care and effort which went into describing and delimiting the types of property which would be permitted as exempt to provide debtors a "fresh start" after bankruptcy, Congress obviously did not intend any large, additional "wild card" or "unfilled bin" theory of exemption here to be made up of any other kind of property which might exist.

Analysis of the legislative history supports that conclusion. Debtors here are seizing upon a glaring ambiguity in the statute to magnify their entitlement. The courts should not permit such, in derogation of Congressional intent, on the simplistic basis that the words "any property," wherever stated, must mean absolutely *any* property, or on the pure assumption that there was some intention, as *Collier* says, to prevent discrimination against non-homeowners.

No Congressional debates on the point have been cited, and the court has found none; but the analysis by the Bankruptcy Judge of the development of the new exemptions in bankruptcy, is persuasive. Finding that subsection (d) of § 522 devolved in large part from the Uniform Exemption Act of 1976, which devolved in considerable part from proposals of the Commission on Bankruptcy Laws, he traces the development as follows:

"The Commission Act contained, among other things, § 4–503 relating to exemptions. Section (b) of that section related to 'Homestead or Property in Lieu Thereof.' Clause (1) created a homestead exemption of $5,000.00 plus $500.00 for each dependent of the debtor. Subparagraph (2) provides that if no property is allowed as exempt under paragraph (1), or if the property allowed has an aggregate value less than the maximum allowed under paragraph (1) an individual debtor shall be allowed additional exemptions of property *of the kind described in clauses (1) and (2) of subdivision (c)* until the aggregate value of such additional property equals the maximum value allowable under paragraph (1). [Emphasis added]

"Clause (1) of subdivision (c), entitled 'Other Property' exempted livestock, wearing apparel, jewelry, household furnishings, tools of the trade or profession, and motor vehicles to the aggregate value of not more than $1000.00. Clause (2) of subdivision (c) exempted a burial plot to the value of $2,500.00."

It is noted that clause (3) of subsection (c) of the Commission Act exempted cash, securities and receivables, including unpaid personal earnings, accrued vacation pay and income tax refunds, to the aggregate value of not more than $500.00. It is readily apparent that exemption of these types of property was not to be enhanced by unused homestead exemption.

The Bankruptcy Judge observed, with respect to the Uniform Exemptions Act:

"The UEA categorizes exemptions into five classes. Section 8(a), (b) and (c) exempts specified personal property similar to those itemized in § 4–503 of the Commission Bill. Paragraph 8(d) provides that in addition to any exemption provided by this Act an individual is entitled to an exemption of 'cash and other liquid assets' to the extent of a value not exceeding $500.00 if the individual claims a homestead exemption, and $1500.00 if the individual does not claim a homestead

---

1. Debtors cite other cases and writings, but none considered more apposite or persuasive than the two mentioned here.

exemption. 'Liquid Assets' are defined as including deposits, securities, notes, drafts, unpaid earnings not otherwise exempt, accrued vacation pay, refunds, prepayments, and other receivables. *Here again the property from which the additional exemptions may be claimed is specified.* [Emphasis added]

"It should be mentioned, in passing, that a claim of the kind involved in this case cannot be considered 'liquid assets.' Furthermore, this section creates an exemption and does not relate to non-exempt property.

"In fact in the UEA Note to § 8, P. 23, it states that:

'The Commission's Proposed Bankruptcy Act, imposed a $1000.00 value maximum on the allowable exemption in personal property of the kinds listed in subsection (a), (b), and (c). The Commission proposed, however, to allow a debtor to claim as exempt personal property within these categories in lieu of homestead until the aggregate value of such personal property, together with any homestead under the Act should aggregate the maximum allowable value for the homestead. Subsection (d) recognizes the appropriateness of an additional allowance for an individual who claims no homestead of (a) furnishings, appliances, wearing apparel, animals, books, musical instruments and family portraits and heirlooms, (b) jewelry, (c) implements, professional books, tools of the trade and one motor vehicle.'

"On page 5, of the Prefatory Note to the UEA it states as follows:

'The Uniform Exemptions Act follows a proposal in the Commission's Bankruptcy Act to provide a cash allowance, or its equivalent, of $500.00 for an individual who claims a homestead exemption. An individual claiming no homestead exemption is entitled to protection of an allowance of up to $1500 in liquid assets in recognition of his need for additional funds to provide shelter for himself and his dependents.'

"In the comment to Section 6 of the UEA, P. 22, it states that 'Law Review Commentators frequently recommend that an Exemption Statute prescribed a value limitation for personal property without restrictions as to the form or kinds held by the debtor. This approach is rejected by this act, as it was in the Commission's Proposed Bankruptcy Act.'

"On page 4 of the Prefatory Note to the UEA it states as follows:

'The Uniform Exemptions Act, like section 522 of Title 11 of the United States Code, thus does not reflect the view that every debtor is entitled to a minimum grubstake for whatever purpose may please him. Rather the premise of this Act is that in order for a debtor's property to be protected against compulsory application to the payment of his indebtedness, it must be used, or be adaptable for use in ways and for the purposes deemed on balance to be preferable to such applications. These ways and purposes have a perceived relation to the provisions of shelter, clothing, and other necessities of daily living in this country.' "

■ The Bankruptcy Judge noted further that Section 4–503 of the Commission Bill exempted proceeds, benefits, and other rights to which the debtor is entitled as a result of any personal injury; that the UEA exempted proceeds or rights accruing as a result of bodily injury; and that Section 522 includes as well the debtor's right to receive an award under a crime victim's reparation law; payment on account of wrongful death; and compensation for loss of future earnings. He observed, quite pointedly, that Congress could easily have added any one or all of the Acts for the benefit of consumers which are here in issue, but it didn't. This makes the conclusion unavoidable that if it intended some kind of "wild card" or "unfilled bin," it was going to a lot of unnecessary trouble in specifying types of property to be exempt. As Judge Lipkin concluded, the language "in any property" means any property of a type described in § 522. To hold otherwise

would make a mockery of the effort to exempt property of types really calculated to help provide a sound "fresh start." The Fifteenth Edition of *Colliers* is simply over-broad on this point, if any meaning is to be given to the scholarly specification of the new exemptions.

IT IS ORDERED, therefore, that the Decision of the Bankruptcy Judge, filed May 23, 1980 in *Pierce* (# 180–0039), as well as his refusal to allow similar claimed exemptions in *Smith* (# 179–00911), are AFFIRMED on appeal.