In re Gerard Lionel LA FLAMME,
Lenora Lee La Flamme, Debtors.

Gerard Lionel LA FLAMME, Lenora Lee
La Flamme, Plaintiffs,

v.

FINANCE AMERICA CORPORATION,
Defendant.

Bankruptcy No. 8000468.
AP No. 800151.

United States Bankruptcy Court,
D. Rhode Island.

May 1, 1981.

Carl I. Freedman, Rhode Island Legal Services, Providence, R. I., for debtors.

William C. Hillman, Strauss, Factor, Chernick & Hillman, P. C., Providence, R. I., for defendant.

## DECISION DENYING EXEMPTION CLAIMED BY DEBTORS

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Debtors filed a joint Chapter 7 bankruptcy petition on June 25, 1980, and in their Schedule B–4 list as an exemption under 11 U.S.C. § 522(d)(5) a "Consumer Credit Protection Act [1] claim against Finance America Corp." in the amount of $2,000. Finance America objects to the claim of exemption.

Section 522(d) specifies eleven categories of property which the debtor may exempt. Subsection (d)(5), the only category within which the exemption in question might fit, allows the debtor to exempt his "aggregate interest, not to exceed in value $400 plus any unused amount of the exemption provided under paragraph (1) of this subsection,[2] in *any property*." (emphasis added)

1. 15 U.S.C. §§ 1601 et seq. [the Truth in Lending Act].

2. (1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a

The Debtors have not used any of their combined $15,000 (d)(1) "homestead" exemption.

The resolution of this litigation hinges on the interpretation of the phrase "any property" as it is used in § 522(d)(5). Finance America argues that the phrase should be restricted to those specific types of property otherwise enumerated in the section, particularly those exemptions preceding it.[3] The Debtors take the position that the phrase should be given a broad literal construction.[4]

■ Although in a given context the word "any" can mean "all," Webster's New Collegiate Dictionary 51 (1980), when "any" appears in a statute, it should be given a restrictive construction in accord with the legislature's intent, *United States v. Palmer*, 16 U.S. (3 Wheat.) 610, 631–33, 4 L.Ed. 741 (1918); *Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915), and the context in which it is used. *United States v. Weil*, 46 F.Supp. 323 (D.Ark.1942).

■ It is a well-known rule of statutory construction[5] that where particular words of description are followed by general terms, the latter will be regarded as referring to things of a like class with those particularly described preceding it. *Annot.*, 46 L.Ed.2d 879, 882 (1977); *Gooch v. United States*, 297 U.S. 124, 128, 56 S.Ct. 395, 397, 80 L.Ed. 522 (1936). "[T]he general words are confined to the class and may not be used to enlarge it." *Cleveland v. United States*, 329 U.S. 14, 18, 67 S.Ct. 13, 15, 91 L.Ed. 12 (1946).

In what is probably its broadest sense, "property" "includes every interest any one may have in any and everything that is the subject of ownership by man, together with the right to freely possess, use, enjoy, and dispose of the same." *Bailey v. The People*, 190 Ill. 28, 33, 60 N.E. 98 (1901). However, the word "property" is frequently used in statutes in a special sense, or in conjunction with other words which qualify or limit its meaning. 63 Am.Jur.2d, Property § 2 (1972). According to the Supreme Court "[i]t is impossible to give any categorical definition to the word 'property,' nor can we attach to it in certain relations the limitations which we would attach to it in others." *Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 514, 15 L.Ed.2d 428 (1966), quoting *Fisher v. Cushman*, 103 F. 860, 864 (1st Cir. 1900). This fluid characteristic of the word was also recognized by the Court of Appeals of the Third Circuit in *Gleason v. Thaw*, 185 F. 345 (3d Cir. 1911), aff'd, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915). Holding that the word "property" as used in § 17a(2) of the Bankruptcy Act of 1898 did not include professional services, the court noted that "[t]he very generality of the word requires restriction, according to the circumstances in which it is used." 185 F. at 347. The fact that the two general words, "any" and "property," are used in the same phrase does not dilute the argument that the phrase should be given a restricted interpretation to comply with Congressional intent. *See DiGiacomo v. United States*, 346 F.Supp. 1009, 1012 (D.Del.1972) (construing the words "any property" to exclude real property).

residence, or in a burial plot for the debtor or a dependent of the debtor.

**3.** (1) [supra, note 2]
(2) The debtor's interest, not to exceed $1,200 in value, in one motor vehicle.
(3) The debtor's interest, not to exceed $200 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.
(4) The debtor's aggregate interest, not to exceed $500 in value, in jewelry held primari-

ly for the personal, family, or household use of the debtor or a dependent of the debtor.

**4.** *See, e. g., In re Upright,* 1 B.R. 694, 5 BCD 1124 (Bkrtcy, N.D.N.Y.1979); *Leech v. Nichols,* 4 B.R. 711, 6 BCD 597 (Bkrtcy, E.D.Mich.1980).

**5.** In this discussion the Court has in mind its duty to observe the purpose of the various rules of statutory construction, which is to give effect to the legislature's true intention, not to defeat it. *Danciger v. Cooley,* 248 U.S. 319, 39 S.Ct. 119, 63 L.Ed. 266 (1919).

■ It is another convention of statutory construction that the meaning of ambiguous words or phrases in a statute may be ascertained by reference to the meaning of the words or phrases associated with it. *Wong Kam Wo v. Dulles,* 236 F.2d 622, 626 (9th Cir. 1956); Blacks Law Dictionary, 956 (5th ed. 1979). This rule is appropriately invoked where words or phrases are capable of many meanings, *Jarecki v. G.D. Searle & Co.,* 367 U.S. 303, 81 S.Ct. 1579, 6 L.Ed.2d 859 (1961), and as noted above, I think "any property" is such a phrase.

The following discussion dealing with a situation identical to that in the instant case displays logic and reasoning that are most appealing to this court.

> [W]ith all the care and effort which went into describing and delimiting the types of property which would be permitted as exempt to provide debtors a "fresh start" after bankruptcy, Congress obviously did not intend any large, additional "wild card" or "unfilled bin" theory of exemption here to be made up of any other kind of property which might exist.

> Analysis of the legislative history supports that conclusion. Debtors here are seizing upon a glaring ambiguity in the statute to magnify their entitlement. The courts should not permit such, in derogation of Congressional intent, on the simplistic basis that the words "any property," wherever stated, must mean absolutely *any* property, or on the pure assumption that there was some intention, as *Collier* [3 Collier on Bankruptcy, ¶ 522.14 (15th ed.)] says, to prevent discrimination against non-homeowners.

*In re Smith,* 5 B.R. 500, 501, 6 BCD 667 (Bkrtcy, C.D.Ill.1980), *rev'd,* [1981] Bankr.L. Rep. (CCH) ¶ 67,833 (7th Cir.). If Congress intended a "wild card" exemption, paragraph (d)(1) would be unnecessary, and the result urged here by the Debtors could have been achieved by combining (d)(1) and (d)(5), and allowing an exemption of $7,900 in any property, enumerated or unenumerated. To render (d)(1) superfluous via the liberal construction route "would violate the cardinal rule that, if possible, effect shall be given to every clause and part of a statute." *D. Ginsberg & Sons v. Popkin,* 285 U.S. 204, 208, 52 S.Ct. 322, 323, 76 L.Ed. 704 (1932).

The legislative history is not clear as to Congress' intent in enacting § 522(d)(5). A clue to the section's intended parameters, however, appears in House Report No. 95–595, 95th Cong., 1st Sess. (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. That report states that the exemptions "are derived in large part from the Uniform Exemptions Act [UEA], promulgated by the Commissioners of Uniform State Laws in August, 1976." *Id.* at 361, U.S.Code Cong. & Admin.News 1978, p. 6317. The comment to Section 6 of the UEA states that "Law Review Commentators frequently recommend that an Exemption Statute prescribed [sic] a value limitation for personal property without restriction as to the form or kinds held by the debtor. This approach is rejected by this act, as it was in the Commission's Proposed Bankruptcy Act." Strengthening this conclusion, the Prefatory Note to the UEA states that:

> " 'The Uniform Exemptions Act, like section 522 of Title 11 of the United States Code, thus does not reflect the view that every debtor is entitled to a minimum grubstake for whatever purpose may please him. Rather the premise of this Act is that in order for a debtor's property to be protected against compulsory application to the payment of his indebtedness, it must be used, or be adaptable for use in ways and for the purposes deemed on balance to be preferable to such applications. These ways and purposes have a perceived relation to the provisions of shelter, clothing, and other necessities of daily living in this country.' "

Nothing in the Bankruptcy Reform Act indicates that Congress intended otherwise. I think that the construction given subsection (d)(5) in this case correctly carries out the intent of Congress.

■ The decision in this case does not require a resolution of the question whether the (d)(5) exemption can only be comprised of property specifically enumerated in (d)(1)

through (d)(4). This opinion is specifically limited and intended to cover only the proposition that the words "any property" as used in § 522(d)(5) are intended to cover only that type of property actually mentioned in subsection (d).

This conclusion is reached notwithstanding the decision of the Court of Appeals for the Seventh Circuit in *In re Smith*, [1981] Bankruptcy L.Rep. (CCH) ¶ 67,833, which held that a debtor's cause of action for violations of the Truth in Lending Act may be exempted under (d)(5).[6] That opinion reversed a decision of the district court, 5 B.R. 500 (Bkrtcy. C.D.Ill.1980), which had affirmed the bankruptcy court's disallowance of the exemption, *sub nom., In re Pierce*, 6 B.R. 18 (Bkrtcy. C.D.Ill.1980). After careful consideration of all three opinions in the *Smith* case, it is this Court's opinion that the decisions of the bankruptcy court and district court are better reasoned and more persuasive.

Accordingly, I conclude that Congress did not use the phrase "any property" in the broad sense proposed by the Debtors. Finance America's objection to the Debtors' claim of exemption of a "Consumer Credit Protection Act claim" is sustained. "To hold otherwise would make a mockery of the effort to exempt property of types really calculated to help provide a sound 'fresh start.' ... [Meaning must] be given to the scholarly specification of the new exemptions." *In re Smith*, 5 B.R. at 502–03.

**6.** Similarly, I recognize but disagree with the conclusions reached in the cases cited in note 4, *supra.*