In re Donald B. **HILBERT** t/a Donald B. Hilbert General Contractor, Brenda J. Hilbert, Debtors.

Bankruptcy No. 80–01830T(7).

United States Bankruptcy Court, E. D. Pennsylvania.

July 6, 1981.

---

William E. Doyle, Allentown, for debtors.

Karl E. Friend, Allentown, trustee.

E. Keller Kline, III, Allentown, for The First National Bank of Allentown.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This case presents several questions regarding the exemption and lien avoidance provisions of 11 U.S.C. § 522 (1979).[1] Two of those issues: 1) whether a confessed judgment is a security interest under the Bankruptcy Code; and 2) whether 11 U.S.C. § 522(f)(1) is unconstitutional as applied to judicial liens created before the enactment date of the Bankruptcy Code, have been resolved in the negative by our decision in *In re Burkholder*, Bankr. No. 80–0220 (E.D. Pa. May 21, 1981).

Not decided by *Burkholder*, however, is the issue of whether a debtor is entitled to exempt under Section 522(d)(5) real property held for investment purposes only.[2] For reasons hereinafter given, we conclude that the debtors may exempt that property.

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Section 522(d)(5) of the Bankruptcy Code provides:
   (d) The following property may be exempted under subsection (b)(1) of this section:

The debtors own a two-unit apartment building which at no material time was used as the residence of debtors or a dependent of the debtors. Plaintiff, First National Bank of Allentown [hereinafter, the Bank], loaned the debtors $13,989.50 for the purposes of renovation of the apartment house and repayment of a prior loan. On December 12, 1978, in order to secure repayment of the loan, debtors executed a Personal Loan Note and Disclosure Statement which contained a confession of judgment clause. Judgment was entered against debtors on December 28, 1978 in the amount of $25,009, which represents the loan amount and interest thereon. On that date debtors' real property consisted of the apartment building.

Debtors filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code on July 31, 1980. Pursuant to Section 522(d)(5), debtors claimed as exempt real property in the amount of $15,800. Subsequently, debtors filed an application to avoid the judicial lien of the Bank to the extent it impairs their exemption. The Bank answered, challenging the constitutionality of Section 522(f)(*1*), and alleging that debtors are not entitled to claim as exempt equity in that property because it is not the debtors' residence, but rather, is held solely as an investment property. The Bank contends that the so-called "wild card" exemption of Section 522(d)(5) should be limited to property which has been specifically described as exemptable within that section. In its brief, Bank relies heavily on *In re Smith*, 5 B.R. 500 (C.D. Ill. 1980), a district court opinion affirming the bankruptcy court's determination that the exemption under Section 522(d)(5) should be limited to property named in that section. The district court found that Section 522(d) was devolved from the Uniform Exemption

(5) The debtor's aggregate interest, not to exceed in value $400 plus any unused amount of the exemption provided under paragraph (1) of this subsection, in *any property* (emphasis ours).

Act of 1976, which did not provide for a "wild card" exemption in "any property." *Smith*, 5 B.R., at 501. The court concluded that if Congress had intended to create a "wild card" exemption, it would not have been necessary to specify at all what property was exempt.

Following the submission of briefs in this case, the *Smith* decision was reversed by the Seventh Circuit Court of Appeals. We believe the Circuit decision is not only to be awarded substantial precedential value, but is also the correct interpretation of the Code. Basing its decision on the legislative history of the Code, the court in *In re Smith*, 640 F.2d 888, 3 C.B.C.2d 827 (7th Cir. 1981) concluded that absent a clear statement of intent to the contrary by Congress, the exemption provisions of the Code should not be limited to only that property specifically enumerated within Section 522(d). The court stated:

> Congress found that 'there is a Federal interest in seeing that a debtor that [sic] goes through bankruptcy comes out with adequate possessions to begin his fresh start.' The general exeption [sic] was intended to ensure that there was no discrimination between homeowners and nonhomeowners in achieving that goal. By permitting nonhomeowners (or homeowners with property valued under $7,500) to exempt the unused portion of the homestead exemption, plus $400, Congress in effect gave all debtors potentially the same $7,900 stake.

*Smith*, 640 F.2d 888, 3 C.B.C.2d, at 831 (footnotes omitted).

Moreover, the court notes, the argument proffered by the bankruptcy court (and relied on here by the Bank) would require a strained distinction to be drawn between "Section 522 property" and "Section 541 property." That is, a court would be required to determine whether property included in the estate pursuant to Section 541 is exemptable under Section 522. Such a distinction would frustrate the clearly intended structural and conceptual nature of estate property. *Smith*, 640 F.2d 888, 3 C.B.C.2d, at 831.

Almost all bankruptcy courts have concluded that the phrase "any property" in Section 522(d)(5) should be given a broad interpretation. *See, In re Laird*, 6 B.R. 273, 3 C.B.C.2d 1299 (Bkrtcy. E.D. Pa. 1980), and the cases cited therein.

Based upon *In re Smith, supra*, and our reading of the Code and the decisions construing it, we conclude that Congress intended the phrase "any property" in Section 522(d)(5) to mean any property of the estate, including as here, real property owned by the debtor but not used as his residence.

For all of the above reasons, the debtors' application to avoid the lien of the Bank is granted.