**In re Thomas and Dorothy BRENNAN, Debtors.**

**Thomas and Dorothy BRENNAN, Plaintiffs,**

**v.**

**TED ARNOLD INDUSTRIES, INC., Defendant.**

**Bankruptcy No. 8100316.
Adv. No. 810309.**

United States Bankruptcy Court, D. Rhode Island.

March 12, 1982.

Richard E. Simms, Providence, R. I., for creditor, Ted Arnold Industries, Inc.

John R. Cosentino, Providence, R. I., for debtors.

## DECISION DETERMINING MARKET VALUE AND DENYING REQUEST TO VACATE EXECUTION ON EXEMPT PROPERTY

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The issue presented by this complaint to vacate an execution on property claimed as exempt, is whether the Debtors may combine or "stack" their general and homestead exemptions, 11 U.S.C. § 522(d)(1) and (5), to enable them to set aside as exempt a total of $15,800 equity in their home.

On April 21, 1981, the Debtors, Dorothy and Thomas Brennan, filed a petition under Chapter 7. Among the assets listed in the Debtors' schedule of assets is their home, which they own as joint tenants. This property is subject to a mortgage held by Old Stone Bank of Rhode Island in the amount of $31,500, and an execution in the amount of $5,285.75 by Ted Arnold Industries, the Defendant in this case. The Brennans, who contend that the fair market value of the property is $47,300, seek to shield all the equity by claiming their $15,000 combined homestead exemption, and then adding to that amount their combined $800 general exemption.[1]

---

1. § 522. Exemptions.

. . . .

   (d) The following property may be exempted under subsection (b)(1) of this section:

   (1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in

The Defendant objects to the claimed $15,800 exemption, on two grounds: (1) that the general and homestead exemptions cannot be combined to increase the amount of equity a debtor may claim in real estate, and (2) even if § 522(d)(1) and (5) can be "stacked", the fair market value of the real estate exceeds $47,300, and that levy of the execution should be permitted as to any equity above the allowed exemption.

## I WHAT PROPERTY MAY BE CLAIMED AS EXEMPT?

The type of property which a debtor may claim as exempt under § 522(d)(5) is defined in *In re LaFlamme*, 14 B.R. 21, 7 B.C.D. 1416 (Bkrtcy.App. Panel 1st Cir. 1981). In that case, the Bankruptcy Appellate Panel for the First Circuit held that the language of § 522(d)(5)[2] reflects a Congressional intent to provide an unrestricted exemption, when it said:

> We agree with the Seventh Circuit and other courts which have considered this question, that "property" in § 522(d)(5) should be construed in the same manner as it is defined elsewhere in the statute with the result that the general exemption in § 522(d)(5) may be applied to any property which is property of the estate.

*LaFlamme*, 14 B.R. at 26.

Since *LaFlamme*, which is controlling in the First Circuit,[3] applies to *any* property in the estate, the debtors may use their general exemption to increase specific exemptions on any property includable in § 522(d), including real estate.

## II THE VALUE OF THE PROPERTY

Both parties presented evidence as to the market value of the Brennan home. The Defendant's real estate expert, Peter Buo-nacorsi, estimated that the fair market value of the house is $55,000. His appraisal was based upon an exterior examination of the house. (See Defendant's Exh. 1) On cross-examination Mr. Buonacorsi conceded that he did not consider several comparable sales in the area, and also that he did not take into account, in arriving at his opinion of value, that more than one-half of the total area is swamp land, and that there is occasional flooding of the cellar.

The Plaintiff-Debtors offered a more detailed appraisal (see Plaintiff's Exh. A), which includes a complete description of the interior and exterior of the house. The appraisal also takes into consideration a number of factors which support the Debtor's contention that their residence is worth considerably less than $55,000, including the facts that the house is not insulated, the siding on three walls needs replacing, the general condition of the house is only fair, and more than one-half of the yard is swamp area. Based upon these factors, together with several comparable sales of similar homes in the area, the Debtors' appraisal indicates a fair market value of $47,-300 for the subject property.

The testimony of Mrs. Brennan, which was credible and of considerable assistance regarding the physical condition of the building and land, revealed that the roof leaks, the wooden sundeck is rotted, and cracked wooden gutters are causing erosion damage to the landscape. She also testified to severe flooding conditions which adversely affect the market value of the property.

While it is clear that the market value of the subject property is not as high as the $55,000 proposed by the Defendant, it is equally clear that the correct figure is not precisely the $47,300 necessary to allow the

---

a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

. . . .

(5) The debtor's aggregate interest, not to exceed in value $400 plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property.

2. See footnote No. 1, *supra.*

3. The *LaFlamme* Bankruptcy Appellate Panel reversed a ruling by this Court which had denied the debtors' attempt to exempt a claim arising out of a violation of the Consumer Credit Protection Act. *In re LaFlamme*, 10 B.R. 792, 7 B.C.D. 650 (Bkrtcy.D.R.I.1981).

Debtors their full, "stacked" exemption, but which at the same time would wipe out the entire amount of the Defendant's execution. Based upon all the evidence, I conclude that the fair market value of the Debtors' residence is $50,000.

 Accordingly, the Brennans are entitled to combine their § 522(d)(1) and (5) exemptions and thereby set aside $15,800 in equity in their home. The execution held by the Defendant is valid to the extent that the market value of the property exceeds valid encumbrances and the $15,800 exemption.