**In re James E. SHELLS and Christie R. Shells, Debtors.**

**Bankruptcy No. 93–34067.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

July 22, 1994.

Donald F. Harker, III, Dayton, OH, for debtors.

Walter Reynolds, Dayton, OH, for Huntington Nat. Bank.

## DECISION AND ORDER GRANTING DEBTORS' "MOTION TO AVOID JUDICIAL LIEN" (DOC. # 24); ORDER VACATING "ORDER REQUIRING FILING OR MOTION IS DENIED" (DOC. # 42)

WILLIAM A. CLARK, Bankruptcy Judge.

Presently before the court is an objection of Huntington National Bank to the debtors' claim of exemption and motion to avoid judicial lien. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K).

### FACTS

1) On September 24, 1992, Huntington National Bank ("HNB") filed a complaint in state court seeking to foreclose its judicial lien upon the residence of James E. Shells and Christie R. Shells ("debtors");

2) Debtors filed an answer to HNB's complaint but did not assert an exemption in their residence under Ohio's exemption statute;

3) The state court granted HNB a summary judgment and a decree of foreclosure on June 24, 1993;

4) The debtors' residence was scheduled to be sold at a sheriff's sale on November 12,

1993, but on that date the debtors filed a petition in bankruptcy pursuant to chapter 13 of the Bankruptcy Code. As a result, sale of the debtors' residence was automatically stayed by virtue of § 362 of the Bankruptcy Code;

5) On December 20, 1993, the debtors' chapter 13 case was converted to a chapter 7 case;

6) The debtors filed schedules on January 11, 1994, claiming an exemption in the debtors' residence in the amount of $10,000 under Ohio Rev.Code § 2329.66(A)(1) and in the amount of $800 under a catch-all exemption of Ohio Rev.Code § 2329.66(A)(17).

7) On February 8, 1994, the debtors filed a motion to avoid the judicial lien of HNB pursuant to § 522(f) of the Bankruptcy Code on the ground that it impairs the exemption in their residence in the amount of $10,800.

### CONCLUSIONS OF LAW

Initially, the court notes that it must vacate its "Order Requiring Filing or Motion is Denied" (Doc. # 42) of May 29, 1994. That order was inadvertently entered. The court overlooked the agreed order (Doc. 39–1 filed April 7, 1994) to continue the resolution of the debtors' motion to avoid lien "until such time as the Court determines whether or not the Debtors are entitled to an exemption in their real property."

HNB contends that, because the debtors did not assert their exemption rights under Ohio Rev.Code § 2329.66(A)(17) during state court foreclosure proceedings, they are precluded from doing so in this court and, therefore, may not avoid HNB's judicial lien under § 522(f) of the Bankruptcy Code.[1] Ohio Rev.Code § 2329.66(A)(1) provides that:

> Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
> (1)(b) [T]he person's interest, not to exceed five thousand dollars, in one parcel

---

1. Section 522(f) of the Bankruptcy Code provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
 (1) a judicial lien."
 11 U.S.C. § 522(f).

or item of real or personal property that the person or a dependent of the person uses as a residence.[2]

With respect to the time an Ohio debtor becomes entitled to an exemption *in bankruptcy proceedings,* this court's court of appeals has ruled that the above provision of Ohio law "effectively precludes a debtor from asserting his homestead exemption and avoiding a judicial lien *until a judicial sale or other form of involuntary execution is pending." Resolution Trust Corp. v. Moreland (In re Moreland),* 21 F.3d 102, 103 (6th Cir.1994) (discussing *Ford Motor Credit Corp. v. Dixon (In re Dixon),* 885 F.2d 327 (6th Cir.1989)) (emphasis supplied). In determining precisely when a judicial sale is "pending," this court has previously stated that:

> To answer the question of when the precise moment occurs when the residence may be held exempt from execution, garnishment, attachment or sale to satisfy a judgment or order, a court must consider the praecipe for issuance of the order of sale, the order of the sale, or the sale.... [T]he time of the filing of praecipe for issuance of the order for sale is the logical moment for the debtor to claim the exemption and move for avoidance of the lien. At that moment the property is subject to a sale to satisfy a judgment and there is sufficient time for a conscientious and promptly acting debtor to accomplish the purpose of avoiding the lien. *In re Cardwell,* 128 B.R. 427, 429 (Bankr.S.D.Ohio 1991).

▇ In the instant case, when the debtors filed their bankruptcy petition, a sale of the debtors' residence had been scheduled. Clearly the foreclosure proceedings had proceeded beyond the point of filing a praecipe for an order of sale. As a result, a judicial sale was "pending" when the debtors claimed their exemption in bankruptcy court, and the debtors may utilize the avoiding power of

§ 522(f) of the Bankruptcy Code. Although the debtors did not claim their exemption in state court, this court does not view such omission as waiving the debtors' rights *in bankruptcy.* The debtors obviously had no right to claim an exemption under the provisions of the Bankruptcy Code until their petition was filed, and the court will not construe the failure to claim an exemption in a pre-bankruptcy foreclosure suit as a waiver of procedural rights that arise upon the filing of a bankruptcy petition. Even if the debtors had asserted their exemption in their answer in state court, such assertion would not have been an effective claim of exemption in bankruptcy. Section 522(1) of the Bankruptcy Code requires a debtor to "file a list of property that the debtor claims as exempt...."

The debtors claimed their exemptions in Schedule C of the bankruptcy schedules filed January 11, 1994. Therefore, even though there is only one set of state created exemptions, this court views the claiming of exemptions in state court proceedings and bankruptcy court proceedings as two *independent procedures.*[3]

For the foregoing reasons, it is hereby ORDERED that this court's previous "Order Requiring Filing or Motion is Denied" (Doc. # 42) is VACATED.

It is further ORDERED that debtors' "Motion to Avoid Judicial Liens" is GRANTED, and the judicial lien of Huntington National Bank is avoided to the extent it impairs the debtors' exemption in the amount of $10,800.

IT IS SO ORDERED.

---

2. The debtors have also claimed an exemption of $800 under Ohio Rev.Code § 2329.66(A)(17) which provides that a person may exempt "[t]he person's interest, not to exceed four hundred dollars, in any property, except that this division applies only in bankruptcy proceedings."

3. As a result of this court's holding, it is not necessary to determine the appropriate time to assert a claim of homestead exemption in state foreclosure proceedings and whether the debtors could still claim the exemption in state court.