**In re Carl H. MILLER, Debtor.**

**Bankruptcy No. 94–31197.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

April 3, 1996.

John N. Graham, Trustee, Toledo, OH.

Randy L. Reeves, Lima, OH, for debtor.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing upon Debtor's Motion to Avoid Judgment Lien of Kova Fertilizer, Inc. (hereafter "Kova"). As directed by the Court, both the Debtor and Kova have filed Post–Hearing Briefs. This Court has reviewed the arguments of counsel, exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that the Plaintiff's Motion to Avoid Liens should be granted.

### FACTS

In May of 1993, Kova obtained a judgment against Carl H. Miller, who is the Debtor in the present Chapter 7 bankruptcy. Before the Debtor's bankruptcy, Kova placed a judgment lien on the Debtor's real property. This property consists of the following parcels: an eighty acre homestead farm claimed as the Debtor's residence, a 36 acre parcel of farmland, a 40 acre parcel of farmland, and a nine and nine-tenths acre commercial lot.

The Debtor originally filed for bankruptcy protection under Chapter 12 of the Bankruptcy Code in April of 1994. In December of 1994, Debtor converted his case to a case under Chapter 11. Finally, in April of 1995, Debtor's case was converted to a case under Chapter 7, and Debtor subsequently filed the present Motion to Avoid Judgment Lien of Kova. The Debtor asserts, and Kova does not deny, that the Debtor has no equity in the property to which Kova's lien attaches.

### LAW

The Bankruptcy Code, 11 U.S.C. § 101 et seq., prior to the Bankruptcy Reform Act of 1994, provides in pertinent part:

**11 U.S.C. § 522. Exemptions**

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an

exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien[.]

The Bankruptcy Reform Act of 1994 has amended § 522 to provide, in pertinent part:

**11 U.S.C. § 522. Exemptions**

(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien ...

(2)(A) For purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

(B) In the case of a property subject to more than one lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.

(C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure.

The Ohio Revised Code provides in pertinent part:

**§ 2329.66. Exempted Interests and Rights**

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1)(b) In the case of all other judgments and orders, the person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

(2)(b) In the case of all other judgments and orders, the person's interest, not to exceed one thousand dollars, in one motor vehicle.

(3) The person's interest, not to exceed two hundred dollars in any particular item, in wearing apparel, beds, and bedding, and the person's interest, not to exceed three hundred dollars in each item, in one cooking unit and one refrigerator or other food preservation unit;

(4)(b) Subject to division (A)(4)(d) of this section, the person's interest, not to exceed two hundred dollars in any particular item, in household furnishings, household goods, appliances, books, animals, crops, musical instruments, firearms, and hunting and fishing equipment, that are held primarily for the personal, family, or household use of the person.

(c) Subject to division (A)(4)(d) of this section, the person's interest in one or more items of jewelry, not to exceed four hundred ·dollars in one item of jewelry and not to exceed two hundred dollars in every other item of jewelry.

(17) The person's interest, not to exceed four hundred dollars, in any property, except that this division applies only in bankruptcy proceedings.

### DISCUSSION

█ The issue presented in this case is whether, under § 522(f) of the Bankruptcy Code, the Debtor may use his exemptions to avoid the judgment liens on his real property when the judgment lien creditor has not foreclosed upon the property. Such an "execution requirement" has been held to be a prerequisite to the use of the homestead exemption provided for under Ohio law. *In re Moreland*, 21 F.3d 102 (6th Cir.1994); *In re Dixon*, 885 F.2d 327 (6th Cir.1989). However, changes made to the Bankruptcy Code by the Bankruptcy Reform Act of 1994 would seem to change this result. Because matters arising under the Bankruptcy Code, 11 U.S.C. § 101 et seq., are core proceedings

pursuant to 28 U.S.C. § 157(b)(1), and the determinations concerning a debtor's exemptions are core proceedings pursuant to 28 U.S.C. § 157(b)(2), the present Motion to Avoid Judgment Lien is a core proceeding.

The Bankruptcy Reform Act of 1994, and in particular the changes made to § 522(f) of the Bankruptcy Code regarding the a debtor's ability to avoid a judgment lien which impairs his exemptions, took effect in October of 1994. This is after Debtor filed his original Chapter 12 bankruptcy petition in April of 1994, but before the Debtor converted his case to the present Chapter 7 liquidation proceeding. The Debtor presently seeks to have the Kova's judgment lien avoided as to four parcels of property, one of which is the Debtor's 80 acre farm which is also Debtor's residence. Debtor seeks such avoidance even though there is no forced judicial sale or execution against the Debtor's property. Both Debtor and Kova agree that prior to the enactment of the Bankruptcy Reform Act of 1994, the Sixth Circuit had determined that pursuant to the homestead exemption found in § 2329.66(A)(1)(b) of the Ohio Revised Code (hereafter "O.R.C."), a debtor was not able to avoid a lien on his residential property under § 522(f) of the Bankruptcy Code in the absence of an involuntary execution upon the property. *In re Moreland*, 21 F.3d 102 (6th Cir.1994); *In re Dixon*, 885 F.2d 327 (6th Cir.1989).

Kova presently resists Debtor's Motion on the basis that *Moreland* and *Dixon* still control, because the Debtor's original bankruptcy filing predates the effective date of the Bankruptcy Reform Act of 1994. In reply, the Debtor makes two arguments. The first is that the legislative history makes it clear that the changes made to § 522(f) were for clarification. Thus, the Debtor argues, based upon the Supreme Court's decision in *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), and the changes made in the Bankruptcy Reform Act of 1994, *Moreland* and *Dixon* should not be followed. The Debtor's second argument is that whether or not the he may avoid Kova's lien on his residential property as impairing his homestead exemption under O.R.C. § 2329.66(A)(1), the liens on all the proper-

ties may be avoided as impairing his "wildcard" exemption under O.R.C. § 2329.66(A)(17).

The following is the relevant legislative history contained in the House Report on the Bankruptcy Reform Act of 1994 regarding addition of a definition of "impairment" to in § 522(f):

Because the Bankruptcy Code does not currently define the meaning of the words "impair an exemption" in section 522(f), *several court decisions have, in recent years, reached results that were not intended by Congress when it drafted the Code.* This amendment would provide a simple arithmetic test to determine whether a lien impairs an exemption based upon a decision, *In re Brantz*, 106 B.R. 62 (Bankr.E.D.Pa..1989), that was favorably cited by the Supreme Court in *Owen v. Owen* [500 U.S. 305, n. 5], 111 S.Ct. 1833, n. 5.

The decisions that would be overruled involve several scenarios. The first is where the debtor has no equity in a property over and above a lien senior to the judicial lien the debtor is attempting to avoid, as in the case, for example, of a debtor with a home worth $40,000 and a $40,000 mortgage. Most courts and commentators had understood that in that situation the debtor is entitled to exempt his or her residual interests, such as a possessory interest in the property, and *avoid a judicial lien or other lien of a type subject to avoidance, in any amount,* that attaches to that interest. Otherwise, the creditor would retain the lien after bankruptcy and could threaten to deprive the debtor of the exemption on the lien. Unfortunately, a minority of court decisions have interpreted section 522(f) as not permitting avoidance of liens in this situation. The formula in the section would make clear that the liens are avoidable.

\*     \*     \*     \*     \*     \*

*The third situation is in the Sixth Circuit, where the Court of Appeals, in In re Dixon, 885 F.2d 327 (6th Cir.1989), has ruled that the Ohio homestead exemption only applies in executions situations. Thus, the court ruled that the debtor's*

*exemption was never impaired in a bankruptcy and could never be avoided, totally eliminating the right to avoid liens. This leaves the debtor in the situation where, if he or she wished to sell the house after bankruptcy, that can be done only by paying the lienholder out of the equity that should have been protected as exempt property. By focusing on the dollar amount of the exemption and defining "impaired," the amendment should correct this problem. By defining "impairment," the amendment also **clarifies** that a judicial lien on a property can impair an exemption even if the lien cannot be forced through an execution sale, thereby supporting the result in In re Henderson, 18 F.3d 1305 (5th Cir.1994), which permitted a debtor to avoid a lien that impaired the homestead exemption even though the lien could not be enforced through a judicial sale.*

H.R.Rep. 103–834, 103rd Cong., 2nd Sess. 41–42 (Oct. 4, 1994); 140 Cong.Rec. H10770 (Oct. 4, 1994) (emphasis added).

█ The second paragraph cited above makes it clear that in the present case the Debtor's homestead exemption, absent the execution requirement, would be avoided in full because the Debtor has no equity in the property. See also 3 Collier on Bankruptcy § 522.29, 522–100, citing Section-by-Section Description of H.R. 5116, 140 Cong.Rec. H10,764 (daily ed. October 4, 1994); H.R.Rep. No. 835, 103d Cong.2d Sess. 35–37 (1994). The third paragraph cited above makes it clear that the execution requirement provided for by the Sixth Circuit's interpretation of the Ohio exemption statute was overruled. See also 3 Collier on Bankruptcy § 522.29, 522–101, citing the above cited Section-by-Section Description of H.R. 5116. What is perhaps most important in the present case is that the first and third paragraphs cited above make it clear that the Bankruptcy Reform Act's changes to § 522(f) were intended as a clarification of the Code, and not a change to it. Thus, it is evident that the holdings in *Dixon* and *Moreland* were contrary to Congress's intent.

This Court will follow the Sixth Circuit precedent in *In re Chavis,* 47 F.3d 818 (6th Cir.1995) when interpreting portions of the Bankruptcy Code subsequently amended by Congress in the Bankruptcy Reform Act of 1994. In *Chavis,* the Court of Appeals addressed the issue of whether the timeliness requirement for claims under of Bankruptcy Rule 3002 was an absolute bar to untimely claims. Prior to the Bankruptcy Reform Act of 1994, there was no express timeliness requirement within the Code itself, and various courts, including the Sixth Circuit, had reached varying conclusions. See *In re Vecchio,* 20 F.3d 555 (2nd Cir.1994); *In re Pacific Atlantic Trading Co.,* 33 F.3d 1064 (9th Cir.1994); *In re Century Boat Co.,* 986 F.2d 154 (6th Cir.1993); *United States v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087 (6th Cir. 1990). In *Chavis,* the Court distinguished other cases on the basis that many of the other cases were Chapter 7 cases rather than Chapter 13 cases. However, the Court also relied heavily upon the changes made to the Bankruptcy Code in the Bankruptcy Reform Act of 1994. The Court reasoned:

Though this action is controlled by the Bankruptcy Code in effect prior to the 1994 amendments, *see* Bankruptcy Reform Act if 1994, Pub.L. No. 103–394, § 702(a) and (b), 108 Stat. 4106 (1994), the 1994 amendments add subsection (9) to the enumerated grounds for disallowance of claims contained in 11 U.S.C. § 502(b) [which provides that untimely claims shall be disallowed.] Though this provision does not govern this action (because it is not retroactive), the amendment reveals Congress' intent to demand that claims be timely filed.

\*    \*    \*    \*    \*    \*

Because § 213 of the Bankruptcy Reform Act of 1994 reveals that Congress now expects unsecured creditors' claims to be timely filed, the bankruptcy courts reliance on Rule 3002 (prior to the Bankruptcy Reform Act's effective date) was proper.

47 F.3d at 823–824.

This Court agrees with the Court of Appeals' sound reasoning in *Chavis.* In the present case, as in *Chavis,* it would be absurd to reach a result which is so clearly contrary to the pre-existing intent of Congress as was subsequently revealed by the

changes in the Bankruptcy Code. Indeed, in the case at bar the legislative history is even more clear than in *Chavis* that the change was for clarification of the Code as it existed prior to the amendment, and not as a change to it. The House Report concerning the amendment at issue in *Chavis*, relating to the timeliness requirement added to § 502(b), contained no language expressly stating that prior case law which was overruled was contrary to the prior intent of Congress. H.R.Rep. 103–834, 103rd Cong., 2nd Sess. 25–26 (Oct. 4, 1994); 140 Cong.Rec. H10768 (Oct. 4, 1994). As detailed above, the legislative history of the amendments to § 522(f) expressly show that *Dixon* was contrary to Congress's intent. It was the intent of Congress both before and after the Bankruptcy Reform Act of 1994 to allow debtors to avoid the judicial liens which impair their exemptions. It would be unjust to deny debtors such relief simply because of the timing of Congress's clarification.

■ Having found that the Debtor is entitled to avoid the Kova's judgment lien on his property claimed as his homestead, this Court must now address the Debtor's argument that he may also avoid the judicial lien on his other parcels of real property (as well as the homestead property, were that necessary) using the "wildcard" exemption found in O.R.C. § 2329.66(A)(17). This provision has been termed "wildcard" because, unlike the other exemption provisions, it may be applied to "any property" the Debtor chooses. This Court has been unable to find any Ohio case wherein the wildcard exemption was used alone to avoid a lien on real property, and only one case where it was used in conjunction with another exemption. *In re Shells*, 171 B.R. 816 (Bankr.S.D.Ohio 1994) (debtors allowed to use wildcard exemption in addition to homestead exemption to avoid lien on homestead property).

However, courts interpreting federal and other state wildcard exemptions have refused to restrict the term "any property" and have applied it in a wide variety of situations. 2 Norton Bankruptcy Law and Practice 2d, § 46:11, 46–20 citing *In re Smith*, 640 F.2d 888 (7th Cir.1981); *In re Bronner*, 135 B.R. 645 (9th Cir. BAP 1992); *In re Flamme*, 14 B.R. 21 (1st Cir. BAP 1981); *In re Caylor*, 31 B.R. 821 (Bankr.W.D.Pa.1983); *In re Hilbert*, 12 B.R. 434 (Bankr.E.D.Pa.1981). Further, numerous cases exist in other jurisdictions where the wildcard exemption was used to avoid liens on many types of property. *In re Ambrose*, 179 B.R. 982 (Bankr.S.D.Ga. 1995) (debtor avoided lien on loveseat, sofa, washer and dryer); *In re Rader*, 144 B.R. 864 (Bankr.W.D.Mo.1992) (wildcard exemption used in part to avoid lien on mechanic tools); *Matter of Welborne*, 63 B.R. 23 (Bankr.D.Neb.1986) (wildcard exemption used to avoid lien on stereo and television). See also *In re Patterson*, 825 F.2d 1140 (7th Cir.1987) (debtor would have been able to use wildcard exemption to avoid lien on farm machinery and cattle but for the fact that under § 522(f), a non-possessory, non-purchase money lien cannot be avoided when the exemption is claimed for such property). Further still, the wildcard exemption has been used to avoid judgment liens on real property. *In re Shells*, supra; *In re Hilbert*, 12 B.R. 434 (Bankr.E.D.Pa.1981) (wildcard exemption used to avoid judicial lien on non-residential real estate); *In re Harris*, 139 B.R. 386 (Bankr.E.D.N.C.1992) (wildcard exemption used to avoid judicial lien on surplus from foreclosure sale of debtor's real property).

This Court has read no cases interpreting the Ohio exemptions which would not permit the wildcard exemption to be used to avoid a judicial lien on real property under the current law. Further, at least one case, *In re Shells*, cited supra, allowed the use of the Ohio wildcard exemption to avoid a lien on the debtors' residence in addition to the use of the homestead exemption. 171 B.R. at 818. Further, the House Report accompanying the Bankruptcy Reform Act of 1994 makes it clear that Congress did intend to allow debtors to avoid liens even where third party liens exist. Indeed, under the plain reading of § 522(f) of the Bankruptcy Code, as mandated by the Supreme Court in *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), the avoidance powers clearly do not exclude the use of the wildcard or any other applicable exemption to avoid liens. Thus, this Court concludes that the Debtor may

avoid the judicial lien on his real property as impairing his wildcard exemption.

This Court also concludes that under the plain reading of the definition of impairment as explained by Congress, the judicial lien shall be avoided in full where the debtor has no equity in the property. See the House Report quoted supra, second paragraph. This is also the simple result when the arithmetic test found in new § 522(f) is applied. As stated in the House Report, this test was an adaptation of the formula explained in *In re Brantz*, 106 B.R. 62 (Bankr.E.D.Pa.1989), cited with favor by the Supreme Court in *Owen v. Owen*, 500 U.S. at 313, n. 5, 111 S.Ct. at 1838, n. 5. The *Brantz* formula makes it even more clear that there will be no portion of the judicial lien which remains unavoidable when the debtor has no equity in the property, because the sum of the debtor's exemption and the unavoidable liens on the property will exceed the fair market value of the property. Thus, even one dollar of exemption could avoid a judicial lien of any amount in full, as long as the debtor has no equity in the property.

Further, this Court agrees with this result as a matter of policy. One of the purposes of bankruptcy is to allow for the fair treatment of similarly situated creditors, thus preventing creditors' rights from being determined by a race to the courthouse. Another purpose is to provide the debtor with a fresh start. It cannot be disputed that if a judgment creditor is allowed to retain its lien on the real property of the debtor, even though the debtor has no equity in the property, it will very likely be able to ascertain the payment of its debt that other creditors, otherwise similar to the judgment creditor, would not be able to obtain. Thus, the judgment creditor is allowed to circumvent the treatment of other creditors under the Bankruptcy Code simply because it has raced to the courthouse, obtained a judgment, and placed a lien on the debtor's fully encumbered real property. Further, the debtor would probably be precluded from ever gaining any equity in the property, therefore impairing his fresh start.

It could be argued, of course, that judgment liens quite often do have the effect of causing disparate treatment of otherwise similarly situated creditors, as when the debtor does have equity in the property in excess of the exemptions the debtor is able to use on the property. This, however, is simply where the line is drawn between the state law policy of allowing creditors to seek payment of the debts owed them through the foreclosure of a debtor's property, and the bankruptcy policies of fair treatment of creditors and the debtor's fresh start. Thus, this Court concludes that the Debtor may use his wildcard exemption to avoid the lien on his real property in full, and Kova will be ordered to remove the lien on all the debtor's real property in which the Debtor has no equity.

This Court also finds it necessary to also address the issue of the Debtor's use of the wildcard exemption on multiple parcels of real property. That is, it could be argued that the Debtor should only be allowed to use the wildcard exemption on one parcel of property, and not split it between numerous parcels, thereby avoiding the lien in full on each parcel because there is no equity in any of them. This argument could be bolstered by the absence of the word "aggregate" in the Ohio statute versus the Federal one. However, this Court feels that the word exists in the federal exemption only to make it clear that the exemption could be used in addition to other exemptions on property for which an exemption specifically exists.

This Court has found no case law on this issue interpreting the Ohio wildcard exemption. This is due, no doubt, to the relatively small exemption allowed in Ohio (the Federal and many other State exemptions allow a debtor to also use an amount equal to the unused portion of the debtor's homestead exemption as their wildcard exemption), and the case law that has previously existed up to this time in the Sixth Circuit that curtailed the use of a debtor's § 522(f) avoidance powers. However, as noted above, the phrase "any property" used in the wildcard exemptions in other jurisdictions has been universally interpreted very broadly. Further, other Ohio exemptions, such as the homestead, wearing apparel and bedding, household goods, and jewelry exemptions, found in

O.R.C. § 2329.66(A)(1)(b), (3), (4)(b), and (4)(c) respectively, specifically state when the exemption can be applied to only one particular item. Further still, it would be arbitrary and crude to limit the wildcard exemption to one parcel of property, because a "parcel" is only defined as a congruous piece of property, and could contain property which is diverse in other ways, and could be quite large. See *Blacks Law Dictionary, Sixth Edition*, 1990. Allowing the avoidance of the lien on all the property in this case, and not on a case where non-congruous parcels could be more similar and used conjunctively, and be quite smaller, would be ridiculous. Finally, allowing the Debtor to apportion his wildcard exemption among multiple items of property appears to this Court to be the plain reading of the federal as well the state statute. Thus, this Court will allow the Debtor in the case herein to divide his wildcard exemption among all parcels of real property, and avoid the liens thereon.

Finally, it should also be noted that an argument could be made, following the Court's decision in *In re Cushman*, 183 B.R. 139 (Bankr.N.D.Ohio 1995), that whether or not this Court should follow *Chavis* and apply the Bankruptcy Reform Act of 1994's definition on lien impairment (rather than following *Dixon* which was subsequently overruled), the Debtor would still be able to avoid the lien on his residence and other properties using the wildcard exemption. In *Cushman*, the Court concluded that the limitation to involuntary execution situations in the *Dixon* and *Moreland* decisions only applies to the homestead exemptions, and not the other Ohio exemptions. *Id.* at 141–142. Thus, even if the Debtor herein is denied the use of his homestead exemption, the Debtor could still avoid Kova's judicial lien on his home using his wildcard exemption. However, because this Court has already concluded that the Debtor may avoid the lien on his residence, this Court finds it unnecessary to reach a decision on *Cushman*, and so will not do so today.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that the Debtor's Motion to Avoid Lien be, and is hereby, *GRANTED*. Accordingly, the judgment lien of Kova Fertilizer, Inc. on all of Debtor's real property be, and is hereby, *AVOIDED*.